DANAHY, Judge.
The appellant, Sammy Lee More-land, appeals from his conviction and sentence for an armed robbery which occurred on January 28, 1990. The appellant only contends that the trial judge erred in sentencing him either as an habitual offender to life in prison with a 25-year-minimum mandatory or to life under the guidelines, “whichever is the least amount.” The state concedes that this was an irregular sentencing insofar as it went beyond the habitual offender sentence. Because we determine that the trial judge erred in sentencing in this alternative fashion, compare Jeffrey v. State, 456 So.2d 1307 (Fla. 1st DCA 1984) (court must make sentence clear under Florida Rule of Criminal Procedure 3.700), we reverse and remand for resentencing.
Although a complete resentencing is necessary on remand because of the erroneous alternative sentencing, the appellant raises several objections to his sentence which merit further discussion. He first claims that because he was convicted of a violation of section 812.13, Florida Statutes (1989), a first-degree felony punishable by a term of years not exceeding life imprisonment, his conviction qualifies as a “life felony” to which the habitual offender statute, section 775.084, Florida Statutes (1989), is not applicable by its own terms. We have already decided this issue contrary to the appellant’s assertions. See Lock v. State, 582 So.2d 819 (Fla. 2d DCA 1991), in which we aligned this district with the Fifth District, Paige v. State, 570 So.2d 1108 (Fla. 5th DCA 1990), and noted conflict with Gholston v. State, 589 So.2d 307 (Fla. 1st DCA 1990) [16 F.L.W. D46]. Thus, on resentencing, the trial judge has authority to determine that the appellant qualifies under the habitual offender statute and may enhance the sentence accordingly (after making the requisite findings on the record). If the trial judge determines that sentencing under the habitual offender statute is not indicated, then the judge may sentence the appellant under the guidelines. In any event, the judge must, himself, choose one of these methods.
*1022 As the appellant next correctly contends, imposing a 25-year-minimum mandatory sentence is error under any of the sentencing options available to the trial judge. Subsection (4)(a) of section 775.084, which allows for sentencing enhancement for habitual [nonviolent] offenders, makes no provision for a minimum mandatory sentence. However, section 775.087(2) imposes a 3-year-minimum mandatory sentence if a firearm was used in the commission of an offense, even though possession or use of a firearm formed an essential element of the charged crime.[1] Subsection (4)(b) of section 775.084, sentencing enhancement for habitual violent felony offenders, imposes a 15-year-minimum mandatory. Therefore, on resentencing, any sentence imposed pursuant to section 775.084 or pursuant to the guidelines must contain some minimum mandatory term of years, but not a 25-year-minimum mandatory which is imposed when sentencing for certain crimes not at issue here.[2]
We affirm the conviction, reverse the sentence, and remand for resentencing in accord with this opinion.
RYDER, A.C.J., and LEHAN, J., concur.

. Compare section 775.087(1), Florida Statutes (1989) (disallowing reclassification of the crime charged for possession of a firearm if such possession was an essential element of the crime charged).

. See, e.g., §§ 775.082(1), 775.0823, and 775.-0825, Fla.Stat. (1989) (sentencing for capital felonies, and certain crimes against law enforcement and correctional officers, state attorneys and assistant state attorneys).