720 So.2d 585 (1998)
Joe PLAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0943.
District Court of Appeal of Florida, Fourth District.
October 14, 1998.
*586 Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of burglary of a dwelling with a battery and aggravated battery. We affirm all issues, but discuss one, whether the Prison Release Re-offender Act is an ex post facto law as applied to appellant.
The Act, section 775.082(8)(a), Florida Statutes (1997), which became effective May 30, 1997, provides for greater penalties for offenses committed within three years of release from a state correctional facility. § 775.082(8)(a)1.
Appellant was released from prison before the Act became effective, and was convicted in this case for a crime which occurred on August 4, 1997. He comes within the language of the Act because he committed a felony enumerated in the Act within three years of being released from a state correctional facility.
We conclude that the Act is not being unconstitutionally applied to appellant as an ex post facto law. In this case, the Act increases the penalty for a crime committed after the Act, based on release from prison resulting from a conviction which occurred prior to the Act. It is no different than a defendant receiving a stiffer sentence under a habitual offender law for a crime committed after the passage of the law, where the underlying convictions giving the defendant habitual offender status occurred prior to the passage of the law. Under those circumstances habitual offender laws have been held not to constitute ex post facto law violations. Reynolds v. Cochran, 138 So.2d 500 (Fla.1962); Cross v. State, 96 Fla. 768, 119 So. 380 (1928); Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948)(a habitual offender sentence is not an additional penalty for the earlier crime, but rather a stiffened penalty for the latest crime, which is an aggravated offense by virtue of the repetition); McDonald v. Commonwealth of Mass., 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901)(a statute which imposes a punishment only on future crimes is not ex post facto, notwithstanding that a conviction prior to the statute results in increased punishment).
We find the other issues raised by the appellant to be without merit. Affirmed.
WARNER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.