719 So.2d 1010 (1998)
Steven YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4503.
District Court of Appeal of Florida, Fourth District.
November 4, 1998.
*1011 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
The appellant challenges the constitutionality of the Prison Releasee Reoffender Act, section 775.082, Florida Statutes (1997), and its application to him. He contends that the statute is ambiguous and, in the alternative, that it violates the single subject requirement of the Florida Constitution. On both points, we affirm.
Appellant was previously convicted and released from prison in November of 1996. He committed a robbery on June 2, 1997. Because of his recent release from prison, the state filed a notice of its intention to seek an enhanced penalty for the robbery charge pursuant to the Prison Releasee Reoffender Act ("the Act"). Eventually, appellant pled no contest to the robbery charge and was sentenced to fifteen years in prison, pursuant to the enhancements allowed under the Act.
The Act, which became effective on May 30, 1997, provides for greater penalties for certain offenses committed within three years of release from a state correctional facility. See § 775.082(8)(a)1. We have recently held that the statute did not amount to an unconstitutional ex post facto law as applied to a defendant who had been released from prison prior to the Act, but who committed a crime after its effective date. See Plain v. State, 720 So.2d 585 (Fla. 4th DCA 1998).
Appellant's argument that the statute is ambiguous because it does not specifically include prisoners released prior to the effective date of the statute is meritless. The Act defines a prison releasee reoffender as "any defendant who commits, or attempts to commit ... robbery ... within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor." § 775.082(8)(a)1 (emphasis added). Although criminal statutes susceptible to differing constructions are to be strictly construed in favor of the accused, see Burk v. State, 705 So.2d 1003, 1004 (Fla. 4th DCA 1998), this statute is not susceptible to differing constructions. "Any defendant" is all-inclusive language requiring no statutory interpretation. See Auto-Owners Ins. Co. v. Conquest, 658 So.2d 928, 929 (Fla.1995). This statute clearly includes appellant.
Although section 944.705(6)(a), Florida Statutes (1997), requires the Department of Corrections to give notice to every inmate of the provisions of section 775.082(8), section 944.705(6)(b) provides that the trial court can impose an enhanced sentence under the Act regardless of whether a defendant has received such notice. Therefore, reading both statutes together results in the inescapable conclusion that the Act was intended to apply to a person in appellant's position. "Where... the language of a statute is clear and unambiguous the language should be given effect without resort to extrinsic guides to construction." Lamont v. State, 610 So.2d 435, 437 (Fla.1992).
As a second position, appellant contends that the Act violates the single subject requirement of Article III, section 6 of the Florida Constitution, which provides that "[e]very law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title." The supreme court has noted, in regard to this constitutional provision that:
The purpose of this constitutional prohibition against a plurality of subjects in a single legislative act is to prevent "logrolling" where a single enactment becomes a cloak for dissimilar legislation having no necessary or appropriate connection with the subject matter. The act may be as broad as the legislature chooses provided the matters included in the act have a natural or logical connection.
State v. Johnson, 616 So.2d 1, 4 (Fla.1993)(quoting Martinez v. Scanlan, 582 So.2d 1167, 1172 (Fla.1991))(internal citations *1012 omitted). The test for determining duplicity of subject "is whether or not the provisions of the bill are designed to accomplish separate and disassociated objects of legislative effort." Burch v. State, 558 So.2d 1, 2 (Fla.1990)(quoting State v. Thompson, 120 Fla. 860, 163 So. 270, 283 (Fla.1935)). Chapter 97-239, Laws of Florida, in addition to adding section 775.082(8), also amended sections 944.705, 947.141, 948.06, 948.01 and 958.14. The preamble to the legislation states that its purpose was to impose stricter punishment on reoffenders to protect society. Because each amended section dealt in some fashion with reoffenders, we conclude that the statute meets that test.
Affirmed.
KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.