755 So.2d 696 (1999)
Manzell ARNOLD, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3581.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
*697 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Manzell Arnold, appeals his judgment of conviction and sentence for the charges of robbery with a firearm, aggravated assault with a firearm, and attempted second degree murder. Appellant raises two points on appeal. First, he argues that the trial court erred in denying his request to backstrike a juror at the conclusion of voir dire but prior to the jury being sworn. Second, he argues that the trial court erred by sentencing him pursuant to the Prison Releasee Reoffender Act as such sentence was an illegal ex post facto application of the law. We affirm appellant's judgment of conviction, but vacate his sentence and remand with directions for the trial court to impose a guidelines sentence.
At the conclusion of voir dire, the state and the defense accepted the jury. The court then proceeded to picking an alternate juror. Each party had one challenge to the alternate. During such time, the following exchange transpired:
[Defense]: Your Honor, I want to backstrike on, I want to strike Beth Miller.
The Court: Hold it, I asked and you accepted.
[Defense]: Okay.
The Court: The jury, the jury has been accepted.
[Defense]: I could strike before the jury is sworn, Your Honor.
The Court: You said the jury is accepted because now we have gone into the alternate panel.
[Defense]: So I can no longer strike?
The Court: Right, you accepted this jury.
[Defense]: I thought I can strike before the jury is sworn. Is that not correct?
The Court: Not once you say, I accept.
[Defense]: Okay.
The Court: We have already accepted the jury. We are now on the alternate panel. Just as to the issue of the alternate panel, strike people that would *698 have otherwise come into the normal panel. So I have asked both, I asked you both the question and I certified we have got a jury. Now, we're on the alternate. Now, we got the alternate, unless you can give me a cause challenge for Andrea Stefan.
[Defense]: No, I don't have a cause challenge for her.
The Court: All right. Then we have got an alternate as well as the jury in this case, as I previously acknowledged and all accepted. It was Ruth Roberts, Kent Taylor, Theodore Davis, Beth Miller, Wilbur Lilling Ransom Clark. The alternate is Andrea Stefan. I need to bring everybody in. As soon as they are seated, let me know and we will proceed.
Thereafter, the court excused the remaining prospective jurors and the jury was sworn in.
Appellant claims that the trial court erred in denying his right to exercise a peremptory challenge in order to backstrike a juror where the jury had not yet been sworn. It is well settled under Gilliam v. State, 514 So.2d 1098, 1099 (Fla. 1987), that a trial judge has no authority to infringe upon a defendant's right to challenge any juror, either peremptorily or for cause, prior to the time the jury is sworn. The denial of this right is per se reversible error. See id. Florida Rule of Criminal Procedure 3.310 provides that a defendant may challenge a prospective juror before the jury is sworn. See id. In this case, defense counsel had not yet exhausted her allotted peremptory challenges when she attempted to backstrike Juror Miller. Cf. Hunter v. State, 660 So.2d 244 (Fla.1995) (although trial court erred when it indicated that it would prevent defense counsel from exercising peremptory backstrikes once the entire jury panel was formed, defendant was unable to demonstrate any prejudice because defense counsel had exhausted his allotted peremptory challenges when the opportunity to backstrike arose.).
Appellee argues that appellant waived a prior juror challenge where defense counsel failed to renew her objection prior to the jury being sworn. Generally, to prevent a waiver of a juror challenge issue, the opponent must call the court's attention to its objection, if there was an earlier objection, before the jury is sworn. This is done either by renewing its motion or by accepting the jury subject to the earlier objection. See Nelson v. State, 688 So.2d 971, 975 (Fla. 4th DCA), review denied, 697 So.2d 1217 (Fla.1997). The purpose of renewing the objection is to put the court on notice that such an objection remains outstanding. See also Maultsby v. State, 688 So.2d 1010 (Fla. 3d DCA 1997) (defendant who accepted jury panel by failing to renew objection to state's peremptory challenge of venireperson prior to the jury being sworn failed to preserve such objection for appellate review).
The record before us demonstrates that even though defense counsel questioned the court, believing that she could still continue to strike until the jury was sworn, at no time did she enter an objection to the trial court's ruling. In fact, defense counsel merely replied "okay" in response to the trial court's statement. We hold that appellant's use of the word "okay" was an acquiescence and acknowledgment of the trial court's ruling. Such acknowledgment, did not, as espoused by appellant, put the court on notice of counsel's continued objection. Since defense counsel failed to renew her objection, we find that the issue was not properly preserved for appellate review.
In the second issue raised, appellant asserts that his sentence pursuant to the Prison Releasee Reoffender Act was an illegal ex post facto application of the law. Specifically, he claims that the crimes for which he was charged and convicted occurred on April 1, 1997, prior to the statute's effective date of May 30, 1997. See § 775.082(8)(a)1, Fla. Stat. *699 (1997)[1]; Ch. 97-239, § 2, Laws of Fla. Arnold's release date from prison was July 3, 1996.
The Prison Releasee Reoffender Act, section 775.082(8)(a)1, provides for greater penalties for offenses committed within three years of release from a state correctional facility. See Plain v. State, 720 So.2d 585 (Fla. 4th DCA 1998), review denied, 727 So.2d 909 (Fla.1999).
In evaluating whether a law violates the ex post facto clause, a two-prong test must be applied: (1) whether the law is retrospective in its effect; and (2) whether the law alters the definition of criminal conduct or increases the penalty by which a crime is punishable. See Gwong v. Singletary, 683 So.2d 109, 112 (Fla.1996). "To fall within the ex post facto prohibition, a law must be retrospective that is `it must apply to events occurring before its enactment'and it `must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing the punishment for the crime." Britt v. Chiles, 704 So.2d 1046, 1047 (Fla.1997) (quoting Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997)).
This court has specifically held that the statute did not amount to an unconstitutional ex post facto law as applied to a defendant who had been released from prison prior to the Act, but who committed a crime after its effective date. See Plain, 720 So.2d at 586. In Plain, the defendant was released from prison before the Act came into effect and was convicted for a crime which occurred on August 4, 1997, after the Act's effective date. See also Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla.1999) (appellant released from prison in November 1996 and committed crime on June 2, 1997).
Unlike Plain and Young, the statute, in this case, is being applied retrospectively. Not only was Arnold released from prison before the Act became effective, but he was convicted for crimes committed on April 1, 1997, prior to the Act's effective date. See generally Calloway v. State, 24 Fla. L. Weekly D 552, 734 So.2d 1079 (Fla. 1st DCA 1999) (It is fundamental error to apply an amended version of the habitual offender statute to increase the punishment for an offense committed before the effective date of the amendment.). Hence, we hold that appellant's sentence pursuant to the Prison Releasee Reoffender Act was an illegal ex post facto application of the law.
Conviction affirmed; sentence vacated and remanded with instructions to impose a guidelines sentence.
WARNER, C.J., and TAYLOR, J., concur.
NOTES
[1] Section 775.082(8)(a)1 was renumbered in the 1998 supplement to section 775.082(9)(a)1. The language of this section remains the same.