CAMPBELL, Acting Chief Judge.
Appellant, John W. Ellis, challenges his judgments and sentences for capital sexual battery and burglary of a dwelling with assault or battery. Appellant was tried by jury and found guilty of both charges. We affirm.
Appellant argues that the trial judge abused his discretion in admitting the child victim’s hearsay statements under the child victim exception and the excited utterance exception to the hearsay rule. The trial judge carefully considered the reliability of the statements and we find no abuse of discretion in their admission. Neither do we find error in the denial of Appellant’s motion to suppress his statements, admissions or confessions. In addition, there was sufficient evidence of both Appellant’s identity as the perpetrator of the offenses and of his criminal conduct to *1216 support the denial of his motion for directed verdict.
Appellant attacks the constitutionality of the Prison Releasee Reoffender Act, section 775.082(8), Florida Statutes (1997), and alleges error in sentencing Appellant to life in prison on the burglary charge under that act. We reject Appellant’s arguments. See State v. Cowart, 24 Fla L. Weekly D1085, — So.2d -, 1999 WL 245876 (Fla. 2d DCA April 28,1999); State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998); Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla.1999).
We certify conflict as we did in Cowart with McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999) and Woods v. State, 24 Fla. L. Weekly D831, 740 So.2d 20 (Fla. 1st DCA 1999).
Affirmed.
FULMER and SALCINES, JJ., Concur.