742 So.2d 805 (1999)
Michael L. GRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1789.
District Court of Appeal of Florida, Fifth District.
July 9, 1999.
On Motion for Rehearing and/or Certification September 17, 1999.
*806 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Michael L. Gray argues that his sentence, pursuant to section 775.082(8), Florida Statutes (1997), the Prison Release Reoffender Act, is unconstitutional. Gray was sentenced to life in prison with no possibility of parole or early release because he was convicted of armed robbery within three years of being released from a facility operated by the Department of Corrections or a private vendor. He contends the statute violates the United States Constitution[1] and Article II, Section 3 of the Florida Constitution, which require separation of powers between the executive, legislative and judicial branches of government. He also argues application of the statute to him violates the Florida and United States Constitutions' prohibition against ex post facto criminal statutes.[2] We affirm.
The Fourth District Court of Appeal has reviewed section 775.082, Florida Statutes, and has held that it does not violate the ex post facto provisions of the state and federal constitutions. See Plain v. State, 720 So.2d 585 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 909 (Fla. 1999); Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 915 (Fla.1999). We agree with the court's analysis.
Gray also argues that the statute has in effect removed sentencing discretion in such cases from the judicial branch, where it constitutionally should reside, to the prosecutor or state attorney's office. The Florida Constitution gives the executive branch the responsibility and complete discretion to decide whether to charge and to prosecute a crime, but it cannot impose a sentence. Young v. State, 699 So.2d 624 (Fla.1997); State v. Bloom, 497 So.2d 2 (Fla.1986). Under the statutory scheme, the prosecution has the sole discretion to seek imposition of the minimum mandatory minimum provisions of section 775.082(8). If it does, the judge must impose the greater sentence. Only one other statutory exception is provided. The mandatory sentence shall not be imposed if the victim does not want the higher prison sentence and provides a written statement to that effect. Gray argues that this violates the constitutional division between the executive and judicial branches of government. See Perkins v. State, 576 So.2d 1310, 1312 (Fla.1991).
We agree that the trial court has no discretion once the state files a notice of enhancement. However, we do not agree that the statute violates the separation of powers doctrine. Moreover, the legislature has not usurped the sentencing duties of the court by enacting this legislation. We see no difference between this statute and others that require the court to enter a specific sentence or to enhance a sentence if certain criteria are met.[3] It is within the province of the legislature to *807 determine the penalties for crimes, as long as the penalties are not cruel and unusual. Lightbourne v. State, 438 So.2d 380 (Fla. 1983) (citing Sowell v. State, 342 So.2d 969 (Fla.1977)). Further, "[o]ur supreme court has said that a statute which requires the imposition of a mandatory minimum sentence if certain conditions are met does not violate the separation of powers clause by virtue of the fact that it removes sentencing discretion from the judiciary." Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999) (citing Scott v. State, 369 So.2d 330 (Fla.1979)). We agree with the reasoning of our sister court, the Third District, which addressed the same issue in McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999), and affirm. See also Speed v. State, 732 So.2d 17 (Fla. 5th DCA 1999).
AFFIRMED.
DAUKSCH, J., concurs.
W. SHARP, J., dissents, with opinion.
W. SHARP, J., dissenting.
I respectfully dissent because, in my view, there are serious constitutional questions concerning the Prison Releasee Reoffender Act, section 775.082(8), Florida Statutes (1997), under which Gray was sentenced. I agree that the statute does not violate the constitutional ex post facto provisions of the state and federal constitutions.[1]See Plain v. State, 720 So.2d 585 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 909 (Fla.1999). However, it appears to me to violate the provisions in the state[2] and federal[3] constitutions which require separation of powers between the executive, legislative and judicial branches of government.
The problem with this statutory scheme is not so much that it removes the exercise of discretion in sentencing from the trial judge, but that such discretion is placed in the hands of the executive branch (the prosecutor, or state attorney's office), and the victim. The judicial branch is shut out of the process entirely. That is contrary to the traditional role played by the courts in sentencing, a role which in my view, is constitutionally mandated.
Pursuant to the statute, the prosecution has the sole discretion to seek imposition of the mandatory minimum provisions of section 775.082(8). If it does, then the judge must impose the greater sentence.[4] Only one other statutory exception is provided. The mandatory sentence cannot be imposed if the victim doe not want the higher prison sentence and provides a written statement to that effect.[5]
Sentencing is traditionally the function of the judiciary. See Singletary v. Whittaker, 24 Fla. L. Weekly D1733, 739 So.2d 1183 (Fla. 5th DCA 1999); State v. Rome, 696 So.2d 976 (La.1997). The statute here completely removes the trial judge from the discretionary sentencing function and places it in the hands of the executive branchthe attorney generalor the victim. This violates the constitutional division between the executive and judicial branches of government. See Chiles v. Children A, B, C, D, E, and F, 589 So.2d 260 (Fla.1991) (statute authorizing executive branch commission to take steps to reduce state agency budgets to prevent deficit violated separation of powers doctrine); Lewis v. Bank of Pasco County, 346 So.2d 53 (Fla.1976) (statute granting comptroller the authority to release to the public otherwise confidential bank or trust company records violated the doctrine of separation of powers as it granted the comptroller the power to say what the law shall be). See also Walker v. Bentley, 678 *808 So.2d 1265 (Fla.1996) (statute providing that indirect criminal contempt may not be used to enforce compliance with injunctions against domestic violence violates constitutional separation of powers); Page v. State, 677 So.2d 55 (Fla. 1st DCA), approved on other grounds, 684 So.2d 817 (Fla.1996) (statute which requires appellate courts to rule on a question of law raised by the state on cross-appeal regardless of the disposition of the defendant's appeal violates separation of powers doctrine); Ong v. Mike Guido Properties, 668 So.2d 708 (Fla. 5th DCA 1996) (tolling provision of mediation statute is procedural in nature and violates doctrine of separation of powers).
In other jurisdictions, repeat offender or "three-strike" laws have been struck down when the judiciary loses its independence in the sentencing process. For example, a provision of the California Health and Safety Code mandated certain minimum sentences for repeat drug convictions. Another code provision (section 11718) prohibited the court from striking the prior conviction allegation without the prosecutor's consent. The California Supreme Court initially held that section 11718 did not violate the separation of powers doctrine. People v. Sidener, 58 Cal.2d 645, 25 Cal.Rptr. 697, 375 P.2d 641 (1962), cert. denied, 374 U.S. 494, 83 S.Ct. 1912, 10 L.Ed.2d 1048 (1963).
Eight years later, however, the court reexamined this issue and overruled Sidener, largely adopting the reasoning of Justice Schauer's dissenting opinion. People v. Tenorio, 3 Cal.3d 89, 89 Cal.Rptr. 249, 473 P.2d 993 (1970). Justice Schauer had concluded that the power to strike allegations of a prior conviction was an essential part of the judicial power and that section 11718 constituted an invasion of that power because it gave the prosecutor unreviewable power to grant or prevent a judicial resolution of the issue. As Justice Schauer explained:
Constitutional jurisdiction of the court to act cannot be turned on and off at the whimsy of either the district attorney or the Legislature. The power to act under our system of government means the power of an independent court to exercise its judicial discretion, not to servilely wait on the pleasure of the executive.
Tenorio, 89 Cal.Rptr. 249, 473 P.2d at 995. More recently enacted "three-strikes" laws in California have been held constitutional only if interpreted to allow the court to strike or dismiss allegations of prior convictions on its own motion. People v. Superior Court (Romero), 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (1996).
I respectfully disagree with Judge Blue, writing for the Second District Court of Appeal in State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), which upheld the constitutionality of the statute by finding that the sentencing court retains some measure of discretion in imposing the mandated sentence. I can find no provision for judicial discretion in the statute. It requires the court to determine whether the prosecution has proven by a preponderance of the evidence that a defendant meets the statutory criteria for imposition of the longer sentence (i.e., that he or she has committed a certain specified kind of crime within three years after being released from prison). § 775.082(8)(a)2., Fla. Stat. Based on a plain reading of the statute, once statutory criteria is established, the court must impose the mandatory sentence, whether it wants to or not.
The statute makes quite clear that the discretion to seek the mandatory sentence is to be exercised primarily by the prosecutor.[6] It provides that the prosecutor may decide not to seek sentencing under this statute if "extenuating circumstances exist which preclude the just prosecution *809 of the offender." § 775.082(8)(d)1.d. In section 775.082(8)(d)2., the state attorney is required to explain any "sentencing deviation" (any decision not to seek sentencing as a prison releasee reoffender) in writing and maintain such decisions in a file. On a quarterly basis, the "deviation" memoranda are to be reviewed by the Florida Prosecuting Attorneys Association, Inc., and the information is to be maintained and made available to the public for a ten-year period. This is totally outside the judicial sphere of review or influence.
A recent New Jersey Supreme Court opinion upheld a similar law passed in that state on the ground that the statute required guidelines to be adopted to assist prosecutorial decision-making with respect to seeking enhanced sentences under that statute. See State v. Lagares, 127 N.J. 20, 601 A.2d 698 (1992). It concluded that if the prosecutors have no limitation on the exercise of discretion in seeking the enhanced sentence, the measure would violate the doctrine of separation of powers. However, it found some measure of discretion had been left with the courts:
[W]e find that the Legislature did not intend to circumvent the judiciary's power to protect defendants from arbitrary application of enhanced sentences. To protect against such arbitrary action, an extended term may be denied or vacated where a defendant has established that the prosecutor's decision to seek the enhanced sentence was an arbitrary and capricious exercise of prosecutorial discretion.
601 A.2d at 704-705.
I find no such implicit saving measures in the Florida statute, since it clearly does not contain express provisions bringing the judicial branch back into the sentencing picture. In fact, the express provisions in the Florida statute suggest otherwise. The statute designates the Florida Prosecuting Attorneys Association, Inc., as the reviewing body for arbitrary decision making on the part of the prosecutors. But, even if the judicial branch maintains the power to review arbitrary decisions to seek enhanced sentencing in individual cases, in my view, this is too remote and indirect a process to save the statute from violating the constitutional doctrine of separation of powers.

ON MOTION FOR REHEARING AND/OR CERTIFICATION
W. SHARP, J.
We grant the motion for rehearing and/or certification. As we did in Moon v. State, 737 So.2d 655 (Fla. 5th DCA 1999), we certify conflict with State v. Wise, 24 Fla. Law Weekly D657, 744 So.2d 1035 (Fla. 4th DCA 1999) and State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), rev. granted, 737 So.2d 551 (Fla.1999). We also certify the same question as one of great importance as certified in Cook v. State, 737 So.2d 569 (Fla. 5th DCA 1999).
Motion for Rehearing and/or Certification GRANTED.
DAUKSCH and THOMPSON, JJ., concur.
NOTES
[1] See Art. I, § 1; Art. II, § 1; Art. III, § 1.
[2] Art. I, § 10, Fla. Const.; Art. I, § 9, Art. I, § 10, U.S. Const.
[3] See e.g., §§ 921.001.0016, Fla. Stat. (1997); see also, §§ 775.0823 (mandatory minimum for violent offenses committed against law enforcement officers, correctional officers, state attorneys, assistant state attorneys, justices, or judges), 775.0845 (reclassification for wearing a mask while committing offense), 775.087 (mandatory minimum/reclassification for possession or use of a weapon, aggravated battery), 775.0875 (mandatory minimum for capital felonies), Fla. Stat. (1997).
[1] Art. I, § 10, Fla. Const.; U.S. Const. Art. I, §§ 9 and 10.
[2] Art. 2, § 3, Fla. Const.
[3] See U.S. Const. Art. I, § 1; Art. II, § 1; Art. III, § 1.
[4] § 775.082(8)(a)2.
[5] § 775.082(8)(d)1.c.
[6] There are three other exceptions in the statute: one for the victim's statement mentioned above, and two other circumstances relating to the inability of the prosecution to prove its case. § 775.082(8)(d)1.a. and b.