743 So.2d 1154 (1999)
Xavier Joe WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 98-00522, 98-00524 and 98-00534.
District Court of Appeal of Florida, Second District.
October 13, 1999.
Domingo G. Alvarez, III, Winter Haven, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
In these three consolidated cases, appellant challenges the constitutionality of the Prison Releasee Reoffender Act, section 775.082(8), Florida Statutes (1997).
Since this court has found the Act constitutional in the face of a separation of powers challenge, we affirm and certify conflict in No. 98-00534, as we did in Ellis v. State, 740 So.2d 1215 (Fla. 2d DCA *1155 1999) and State v. Cowart, 24 Fla. L. Weekly D1085, ___ So.2d ___, 1999 WL 245876 (Fla. 2d DCA Apr.28, 1999), with McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999) and Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999).
However, we conclude that application of the Act to appellant in the other two cases, Nos. 98-00522 and 98-00524, would be a violation of the ex post facto clause because the "qualifying events" for purposes of the statute occurred before the Act became effective. Appellant was released from prison on January 5, 1996, before the May 30, 1997 effective date of the Act. He committed his new offenses in these two cases on May 5, 1997, again before the May 30, 1997 effective date of the Act. In Arnold v. State, 24 Fla. L. Weekly D1834, ___ So.2d ___, 1999 WL 565862 (Fla. 4th DCA Aug.4, 1999), the Fourth District concluded that where both the prison release date and the new offenses occurred before the effective date of the Act, application of the Act is an improper retrospective ex post facto violation.
This is not true in No. 98-00534, because appellant committed the offenses in that case on June 30, 1997, after the May 30, 1997 effective date of the Act. See Arnold; Plain v. State, 720 So.2d 585 (Fla. 4th DCA 1998), review denied, 727 So.2d 909 (Fla.1999); Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla.1999). Accordingly, the court was correct in applying the Act to appellant in No. 98-00534.
We affirm and certify in No. 98-00534. We vacate appellant's sentence in Nos. 98-00522 and 98-00524 and remand for resentencing in accordance with the guidelines.
WHATLEY and STRINGER, JJ., Concur.