745 So.2d 519 (1999)
Kenneth GRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04943.
District Court of Appeal of Florida, Second District.
November 24, 1999.
*520 James Marion Moorman, Public Defender, and Douglas S. Connor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Kenneth Grant appeals his sentence for sexual battery, which the trial court entered pursuant to the Prison Releasee Reoffender Act (the Act), section 775.082(8), Florida Statutes (1997). Grant alleges that the Act is unconstitutional on seven different grounds and that his sentence violates constitutional prohibitions against double jeopardy. We affirm.

SINGLE SUBJECT REQUIREMENT.
Grant argues that the provisions of the Act which deal with probation violation, arrest of violators, and forfeiture of gain time for violations of controlled release, violate the single subject requirement of Article III, Section 6, of the Florida Constitution, because they are not reasonably related to the specific mandatory punishment provision in subsection eight. However, the First, Fifth, and Fourth Districts have rejected this argument as it relates to the Act. See Durden v. State, 743 So.2d 77 (Fla. 1st DCA 1999); Lawton v. State, 743 So.2d 51 (Fla. 5th DCA 1999); Young v. State, 719 So.2d 1010, 1011-12 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla.1999). The Fourth District has provided the following analysis:
The test for determining duplicity of subject "is whether or not the provisions of the bill are designed to accomplish separate and disassociated objects of legislative effort." Chapter 97-239, Laws of Florida, in addition to adding section 775.082(8), also amended sections 944.705, 947.141, 948.06, 948.01 and 958.14. The preamble to the legislation states that its purpose was to impose stricter punishment on reoffenders to protect society. Because each amended section dealt in some fashion with reoffenders, we conclude that the statute meets that test. *521 Young, 719 So.2d at 1012 (citations omitted).

SEPARATION OF POWERS.
Grant argues that the Act violates Article II, Section 3, of the Florida Constitution, also known as the separation of powers clause, in three ways: (1) it restricts the parties' ability to plea bargain by providing limited reasons for the State's departure; (2) it does not give the trial judge the authority to override a victim's wish not to punish the violator to the fullest extent of the law; and (3) it removes the judge's discretion. As to the first reason, there can be no constitutional violation because there is no constitutional right to plea bargaining. See Fairweather v. State, 505 So.2d 653, 654 (Fla. 2d DCA 1987). See also Turner v. State, 745 So.2d 351, 352-54 (Fla. 1st DCA 1999) (rejecting the argument that the Act violates the separation of powers clause because it restricts plea bargaining). As to reasons two and three, this court has interpreted the Act to give the trial court the discretion to determine whether a defendant qualifies as a prison releasee reoffender for purposes of sentencing under section 775.082(8). See State v. Cotton, 728 So.2d 251, 252 (Fla. 2d DCA 1998), review granted, 737 So.2d 551 (Fla.1999). Furthermore, even though the Fifth, First, and Third Districts have disagreed with this interpretation, they have nonetheless upheld the constitutionality of the Act in the face of a separation of powers challenge. See Speed v. State, 732 So.2d 17, 19-20 (Fla. 5th DCA), review granted, 743 So.2d 15 (Fla. 1999); Woods v. State, 740 So.2d 20, 24 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla.1999); McKnight v. State, 727 So.2d 314, 317 (Fla. 3d DCA), review granted, 740 So.2d 528 (Fla.1999).

CRUEL AND UNUSUAL PUNISHMENT.
Article I, Section 17, of the Florida Constitution prohibits cruel and unusual punishment. Grant argues that the Act violates this prohibition because it allows for sentences that are disproportionate to the crime committed. However, the First District has rejected this challenge to the constitutionality of the Act. See Turner, 745 So.2d at 352-54. "We do not find that imposition of the maximum sentence provided by statutory law constitutes cruel or unusual punishment, because there is no possibility that the Act inflicts torture or a lingering death or the infliction of unnecessary and wanton pain." Id. (citing Jones v. State, 701 So.2d 76, 79 (Fla.1997), cert. denied, 523 U.S. 1014, 118 S.Ct. 1297, 140 L.Ed.2d 335 (1998)).

VAGUENESS.
Grant argues that the Act is unconstitutionally vague because it fails to define "sufficient evidence," "material witness," "the degree of materiality required," "extenuating circumstances," and "just prosecution." However, a defendant may not raise a vagueness challenge if the statute clearly applies to their conduct. See Woods, 740 So.2d at 24-25 (rejecting vagueness challenge to the Act). In Woods, the defendant had been released from prison one month before he committed a robbery. Id. at 21. After a jury found him guilty, he was sentenced as a prison releasee reoffender to fifteen years in prison. Id.
In the instant case, Grant was released from the Department of Corrections on May 31, 1996, and the sexual battery occurred on August 5, 1997, just over one year later. Section 775.082(8)(a)1. defines "prison releasee reoffender" as: "any defendant who commits ... [s]exual battery... within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor." Just as the Act clearly applied to the defendant in Woods, it clearly applies to Grant. Moreover, none of the terms Grant challenges as vague concern whether the statute applies to him. Therefore, *522 we conclude that Grant is prohibited from raising any argument that the Act is unconstitutionally vague.

DUE PROCESS.
Grant argues that the Act violates the due process clause in several ways: (1) it invites discriminatory and arbitrary application by the state attorney; (2) it gives the state attorney the sole power to define its terms; (3) it gives the victim the power to decide that the Act will not apply to any particular defendant; (4) it allows for arbitrary determination of which defendants will qualify; and (5) it does not bear a reasonable relationship to a permissible legislative objective. Reasons one through four are rendered moot by this court's decision in Cotton that the trial court has the discretion to determine whether a defendant qualifies as a prison releasee reoffender for purposes of sentencing under section 775.082(8). See 728 So.2d at 252. The First and Third Districts have expressly rejected reason five as a ground for declaring the Act unconstitutional. See Turner, 745 So.2d at 352-54; McKnight, 727 So.2d at 319 ("this statute bears a rational relationship to the legislative objectives of discouraging recidivism in criminal offenders and enhancing the punishment of those who reoffend, thereby comporting with the requirements of due process").

EQUAL PROTECTION.
Grant's equal protection argument is identical to his due process argument. For the reasons discussed above, we do not find that the Act violates the equal protection clause.

EX POST FACTO.
Grant argues that the Act is an unconstitutional ex post facto law in that it allows for retroactive application to include offenders who were released from prison prior to its effective date. This argument has been rejected by the Fifth and Fourth Districts. See Gray v. State, 742 So.2d 805 (Fla. 5th DCA 1999); Plain v. State, 720 So.2d 585, 586 (Fla. 4th DCA 1998), review denied, 727 So.2d 909 (Fla.1999). The Fourth District provided this rationale:
In this case, the Act increases the penalty for a crime committed after the Act, based on release from prison resulting from a conviction which occurred prior to the Act. It is no different than a defendant receiving a stiffer sentence under a habitual offender law for a crime committed after the passage of the law, where the underlying convictions giving the defendant habitual offender status occurred prior to the passage of the law. Under those circumstances habitual offender laws have been held not to constitute ex post facto law violations.
Plain, 720 So.2d at 586 (citations omitted).

DOUBLE JEOPARDY.
Lastly, Grant argues that his sentence violates double jeopardy because it consists of two separate sentences as a prison releasee reoffender and as a habitual felony offender for a single offense. However, the final judgment and sentence clearly reflects that Grant received one sentence of fifteen years as a habitual felony offender with a minimum mandatory term of fifteen years as a prison releasee reoffender. Minimum mandatory sentences are proper as long as they run concurrently. See Jackson v. State, 659 So.2d 1060, 1061-62 (Fla.1995). Moreover, Moreland v. State, cited by Grant, is distinguishable because in that case the defendant actually received two alternative sentences. See 590 So.2d 1020, 1021 (Fla. 2d DCA 1991) (defendant was sentenced to life in prison with a twenty-five year minimum mandatory as a habitual offender or to life under the guidelines, whichever was less). Because the minimum mandatory sentence runs concurrently to the habitual felony offender sentence, there is no error.
Affirmed.
*523 NORTHCUTT, J., Concurs.
ALTENBERND, J., Concurs specially.
ALTENBERND, Judge, Concurring.
I concur in this opinion with two limitations. First, in light of this court's decision in State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), we have no need to determine whether the act would be unconstitutional as a violation of separation of powers if this court interpreted the act to give the trial judge no discretion in sentencing.
Second, I believe that the First District's reasoning in Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), concerning the issue of cruel or unusual punishment is incorrect or at least insufficient. Turner relies on language from a case involving the death penalty. To determine whether Prison Releasee Reoffender sentencing is cruel or unusual, one must perform a proportionality review. See Hale v. State, 630 So.2d 521, 526 (Fla.1993). Such a review is a complex process. More important, I do not believe that such a review can be conducted for this act as a whole. I believe that the review must examine each statutory offense affected by the act to determine whether the statutory sentence prescribed for that offense is unconstitutionally disproportionate. Cf. Gibson v. State, 721 So.2d 363 (Fla. 2d DCA 1998) (life without possibility of parole not unconstitutional for penile capital sexual battery).
Mr. Grant negotiated a plea to receive a fifteen-year sentence in this case for a sexual battery that is classified as a second-degree felony. Thus, a sentence of fifteen years has been an authorized legal sentence for this crime for many years. See § 775.082(3)(c), Fla. Stat. (1999). Although the analysis of cruel or unconstitutional punishment is an objective analysis and is not truly a case-specific analysis, I would note that Mr. Grant's own scoresheet would have allowed a lawful guidelines sentence of twenty years' imprisonment for this offense, and it appears that he was also eligible for habitual offender sentencing. In this case, Mr. Grant has not established that his sentence is cruel or unusual.