TAYLOR, J.
Nathan Watson appeals his judgment of conviction for kidnapping and his life sentence under the Prison Releasee Reoffen-der Act. We affirm his conviction on all issues raised in this appeal. However, we write to address appellant’s claim that the trial court erred in denying his motion to exclude a state rebuttal witness.
According to testimony presented by the state at trial, Silvia Wilder was driving to the Bingo Hall on 45th Street and Australian Avenue in West Palm Beach on August 18, 1997, when appellant pulled alongside her and asked to speak with her. Upon noticing what appeared to be a gun in appellant’s car, Wilder drove off. Appellant followed, blowing his horn and shouting: “Bitch, pull over before I kill you.” Wilder eventually pulled into the parking lot of a stadium and complied with appellant’s demands to exit the car. Appellant told Wilder that he wanted to resume their relationship, but Wilder told him it was over. After chasing Wilder around her car to get her car keys, he took the keys, forced her into the passenger side of the car, got in the driver’s seat, and drove off.
Appellant drove south on 1-95 towards South Beach, and, on the way, made sexual advances upon Wilder. When she refused his advances, he struck her on the head with a hard object. Appellant changed his direction of travel when he saw that police were stopping cars on the bridge to South Beach. He then took Wilder to his deceased father’s home in Boynton Beach. There, he again made sexual advances towards Wilder and began choking her when she refused. Later, he dropped her off back at the stadium. Wilder went to the nearest convenience store and telephoned the police. Police witnesses testified that Wilder was visibly shaken and unable to complete her written victim statement. She had a bloody nose and complained of a head injury and neck and back pain.
Appellant denied the kidnapping charge. He testified that he and Wilder met at the flea market and then decided to meet again at the stadium to arrange plans for the night. Once at the stadium, they got into a heated argument about appellant’s infidelity. After both calmed down, they headed south on 1-95. On the way, they stopped in Delray to get something to eat. Afterwards, appellant drove Wilder to his father’s house to engage in sexual intercourse. When they arrived, appellant’s sister, Michelle Douglas, was there. Wilder and Douglas got into an argument and appellant had to pull them apart from a “cat fight.” According to appellant and his sister, Wilder sustained her injuries from the fight between the two women and not from any blows inflicted by appellant. Appellant testified that his sister resided alone at their father’s house but that he also frequently stayed there. As proof, he entered into evidence electricity bills from Florida Power & Light (FP & L) for the residence for the period of time covering the date of the alleged kidnaping incident.
To rebut testimony by appellant and his sister that someone was living at their father’s house during the relevant time, the state called Charles Steele, an electrical utility loss prevention officer for FP & L. Steele testified that between July 21, 1997 and August 1997, the electrical usage at the father’s house was only 148 kilowatt hours. In his opinion, the electricity consumption at the residence was too low for anyone to have been living there. Before Steele testified, defense counsel moved to exclude him as a witness because the state had listed him as a records custodian and not as an expert. Defense counsel ex *1138 plained that because the state had only-listed him as 'a records custodian for FP & L, he had not bothered to depose him prior to trial. He thought Steele was “just gonna come in here and explain the records.”
The trial court conducted a Richardson hearing and determined that the state committed a discovery violation in failing to list Steele as an expert but that the discovery violation was inadvertent and did not result in prejudice to the appellant. The court noted that the state listed Steele as a witness in supplemental discovery after it received copies of the FP & L bills from the defense. His testimony was based upon records introduced by the defense and was limited to the subject matter raised by the defense, i.e., occupancy of the Boynton Beach residence. However, to cure any potential prejudice, the court gave defense counsel an opportunity to discuss the records with Steele before he testified on rebuttal. Additionally, the court granted the defense request for sur-rebuttal, during which appellant’s sister clarified that she only stayed at the residence a few days in August, that the air conditioner and pool pump were broken, and that she did not use the washer or dryer. Another witness, a neighbor, testified that the house was usually dark.
The court found that appellant was not prejudiced by the failure of the state to designate Steele as an expert on its witness list in light of defense counsel’s inability to show how his trial preparation or strategy was materially affected or would have been different. During the Richardson hearing, defense counsel acknowledged that it anticipated that Steele would explain or interpret the electricity records but chose not to depose him. Further, defense counsel was uncertain whether expert testimony was available to counter Steele’s testimony concerning the implications of a low wattage reading for the home.
In State v. Schopp, 653 So.2d 1016 (Fla.1995) the supreme court stated:
In determining whether a Richardson violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant’s trial preparation or strategy would have been materially different had the violation not occurred.
Id. at 1020.
We find no abuse of discretion in the trial court’s denial of the motion to exclude Steele’s testimony. Accordingly, we affirm appellant’s conviction.
We also affirm appellant’s sentence under the Prison Releasee Reoffender Act. See Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998).
AFFIRMED.
WARNER, C.J., and SHAHOOD, J., concur.