790 So.2d 444 (2000)
Terrill Lee PALMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-71.
District Court of Appeal of Florida, First District.
May 17, 2000.
*445 Nancy A. Daniels, Public Defender; Fred Parker Bingham II, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps and Elizabeth Fletcher Duffy, Assistant Attorneys General, Tallahassee, for Appellee.
BENTON, J.
Terrill Lee Palmore appeals his sentence of life imprisonment without possibility of early release. On various grounds, he challenges his sentence as unconstitutional insofar as it was imposed under section 775.082(8), Florida Statutes (1997). We reject these challenges. He also contends that the trial court erred in sentencing him both as a prison releasee reoffender under section 775.082(8) and as a violent career criminal under section 775.084, for the same offense. We quash the portion of the sentence predicated on the trial court's determination of violent career criminal status and affirm the sentence as modified.
We reject the contentions that the prison releasee reoffender provisions violate constitutional separation of powers requirements and equal protection guaranties, that they are void for vagueness, and that the law enacting them violated the single subject rule. See generally Jackson v. State, 744 So.2d 466 (Fla. 1st DCA 1999) (holding single subject rule not violated); Woods v. State, 740 So.2d 20 (Fla. 1st DCA) (holding statute not void for vagueness and not violative of equal protection), review granted, 740 So.2d 529 (Fla.1999). We do, however, certify the same question of great public importance certified in Woods:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
*446 Woods, 740 So.2d at 25. Mr. Palmore also mounts an ex post facto challenge, pointing out that he was released from prison on March 7, 1997, before the prison releasee reoffender punishment act took effect on May 30, 1997. See Ch. 97-239, § 7, at 4404, Laws of Fla. But he committed robbery with a firearm on January 24, 1998, after the effective date of the act, and is therefore properly subject to the act. See Chambers v. State, 752 So.2d 64, 66 (Fla. 1st DCA 2000); Grant v. State, 745 So.2d 519, 522 (Fla. 2d DCA 1999); Gonzales v. State, 762 So.2d 920 (Fla. 3d DCA 1999); Arnold v. State, 755 So.2d 696, 699 (Fla. 4th DCA 1999); Gray v. State, 742 So.2d 805, 806 (Fla. 5th DCA 1999); Plain v. State, 720 So.2d 585, 586 (Fla. 4th DCA 1998), review denied, 727 So.2d 909 (Fla. 1999); Young v. State, 719 So.2d 1010, 1011 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla.1999). See also Perkins v. State, 583 So.2d 1103, 1105 (Fla. 1st DCA 1991).
In pronouncing sentence, the trial court committed Mr. Palmore "to the custody of the Department of Corrections to serve a term of life in prison as a prison releasee reoffender and as a violent career criminal." Since he was subject to sentencing as a prison releasee reoffender, however, he was not subject to sentencing as a violent career criminal because section 775.084 does not authorize a sentence longer than the life sentence section 775.082(8)(c) authorizes. While the statute does authorize imposition of "a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law," § 775.082(8)(c), Fla. Stat. (1997), it does not authorize imposition of a sentence under another provision that does not result in a greater sentence of incarceration. See Walls v. State, 765 So.2d 733 (Fla. 1st DCA 2000) ("Because section 775.082(8)(c) only authorizes the court to deviate from the prison releasee reoffender sentencing scheme to impose a greater sentence of incarceration, and because a life term under the habitual felony offender statute is not greater than a life term under the prison releasee reoffender statute, the trial court was without authority to sentence appellant under the habitual felony offender statute."); Lewis v. State, 751 So.2d 106, 107 (Fla. 5th DCA 1999) (stating that "statute allows the State to seek whichever sentence may imprison the defendant longer."); Adams v. State, 750 So.2d 659, 661 (Fla. 4th DCA 1999) (same); Gordon v. State, 745 So.2d 1016, 1019-20 (Fla. 4th DCA 1999) (same). See also Smith v. State, 754 So.2d 100, 101 (Fla. 1st DCA 2000) (affirming thirty year sentence under habitual felony offender provisions where prison releasee reoffender statute prescribed fifteen year sentence). The sentence Mr. Palmore received must be modified by deleting the phrase "as a violent career criminal."
Affirmed in part, reversed in part.
ERVIN and BOOTH, JJ., CONCUR.