PER CURIAM.
Leonard Nelson challenges his fifteen-year sentence for armed burglary of a structure imposed pursuant to the Prison Releasee Reoffender Punishment Act, section 775.082(8), Florida Statutes (1997). Mr. Nelson claims the Act is unconstitutional on several grounds. We affirm.
Mr. Nelson claims that the Act violates the single-subject requirement of Article III, Section 6, of the Florida Constitution. He complains that some sections of the Act concern the length of sentence and the forfeiture of gain time while other sections allow law enforcement officers to arrest probationers and community controllees without a warrant. This argument has been rejected by this court in Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999).
Mr. Nelson also claims that the Act violates the equal protection clause of Article I, Section 2, of the Florida Constitution because the Act permits the victim to determine whether the defendant receives an enhanced sentence. We reject Mr. Nelson’s argument. See State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), review granted, 737 So.2d 551 (Fla.1999). See also Vlahovich v. State, 757 So.2d 1219 (Fla. 2d DCA 2000); State v. Wise, 744 So.2d 1035, 1037 (Fla. 4th DCA 1999), review granted, 741 So.2d 1137 (Fla.1999). See also Turner v. State, 745 So.2d 351, 354 (Fla. 1st DCA 1999), review granted, No. 96,631, — So.2d - (Fla. Feb. 3, 2000). We recognize that the Third and Fifth Districts have interpreted the Act differently and that the Third District has certified conflict with Cotton. See McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999), review granted, 740 So.2d 528 (Fla.1999); Speed v. State, 732 So.2d 17 (Fla. 5th DCA 1999), review granted, 743 So.2d 15 (Fla.1999). See also Woods v. State, 740 So.2d 20, 23 (Fla. 1st DCA 1999), review granted, 740 So.2d 529 (Fla.1999). As we did in Coleman v. State, 739 So.2d 626 (Fla. 2d DCA 1999), review granted, 743 So.2d 15 (Fla.1999), we certify *453 that our decision in this case conflicts with McKnight and Woods.
Finally, Mr. Nelson claims that the Act violates his due process rights because he was not given notice that the Act would apply to him when he was released from prison. See § 944.705(6)(a), Fla. Stat. (1997) (requiring Department of Corrections to warn inmates about Act upon their release from prison). Mr. Nelson was not given notice under section 944.705(6) because the Act had not yet become law when Mr. Nelson was released from prison. Similarly, Mr. Nelson claims the Act violates his equal protection rights because the Act creates two irrational classifications, one class containing prisoners released prior to the Act’s effective date who could not have received notice of the Act’s application and another class containing those prisoners released after the Act’s effective date who do receive such notice.
While it does not appear that this exact argument has been previously addressed in a reported opinion, several corollaries to it have been rejected. In Plain v. State, 720 So.2d 585 (Fla. 4th DCA 1998), review denied, 727 So.2d 909 (Fla.1999), the court held that the Act was not an ex post facto law when applied to prisoners released prior to the effective date of the Act. The court reasoned that the Act simply increases the penalty for a crime committed after the effective date of the Act and, in this respect, was no different than a habitual offender statute which imposes a harsher penalty for a current crime on the basis of crimes committed prior to the statute’s existence. Id. at 586. In Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla.1999), the court rejected a claim that the Act did not apply to those inmates released prior to the Act’s effective date. The court noted that although section 944.705(6)(a), Florida Statutes (1997), requires the Department of Corrections to give notice of the Act, a separate provision, section 944.705(6)(b), allowed a trial court to impose an enhanced sentence under the Act regardless of whether this notice was given. Reading these two provisions together, the court concluded that the Act was intended to apply to those released from prison prior to the Act who had committed new crimes after the Act. Id. at 1011. This court adopted these propositions in Grant, 745 So.2d 519.
In light of Grant, Plain and Young, we reject Mr. Nelson’s due process and equal protection arguments. Additionally, the due process clause did not require the State to give Mr. Nelson notice of the Act’s application at the time he was released from prison. Mr. Nelson is charged with constructive knowledge of the law. See Rollinson v. State, 743 So.2d 585, 587 (Fla. 4th DCA 1999). We believe the notice requirement of section 944.705(6)(a) was designed as a deterrent, not as a constitutional prerequisite to the Act’s application. Notably, there is nothing in the Act requiring the State to notify a defendant during a criminal proceeding that it intends to seek an enhanced sentence. Compare § 775.082, Fla. Stat. (1997) with § 775.084, Fla. Stat. (1997) (requiring State notify defendant of intent to seek habitual offender sentence). We are also unconvinced that the Act has created two impermissible classes of convicted felons. In reality, every prison releasee who commits a crime after the effective date of the Act is potentially subject to an enhanced penalty, regardless of whether the Department of Corrections told them so, as long as that person meets the criteria of the Act and the trial judge decides to impose such a sentence.
Affirmed; conflict certified.
CAMPBELL, A.C.J., and ALTENBERND and FULMER, JJ„ Concur.