SHAHOOD, J.
Appellant, William Harris, appeals his sentence as a habitual felony offender and as a prison releasee reoffender on the charge of burglary of an occupied structure or conveyance following a trial by jury. The trial court sentenced appellant to twenty-five years as a habitual offender and fifteen years as a prison releasee reof-fender. Harris appeals his sentence on the grounds that the court erred in sentencing him twice for the same crime as violative of the double jeopardy clause.
Appellee concedes, and we agree, that pursuant to this court’s opinion in Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999), we must reverse and remand for the trial court to resentence appellant, and direct the trial court to vacate the prison releasee reoffender sentence. As with other cases from this District, we certify conflict with those decisions from other districts which are contrary to Adams. See Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), review granted, 761 So.2d 329 (Fla.2000); Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000); and Alfonso v. State, 761 So.2d 1231 (Fla. 3d DCA 2000).
We affirm as to all other issues raised, including the challenge to the constitutionality of the Prison Releasee Reoffender Act, which have previously been addressed and rejected. See State v. Cotton, 25 Fla. L. Weekly S463, — So.2d -, 2000 WL 766521 (Fla. June 15, 2000); Edwards v. State, 753 So.2d 578 (Fla. 4th DCA 1999); and Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla.1999).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RE-SENTENCING.
POLEN, J., and GARDINER, ANA I., Associate Judge, concur.