ON MOTION FOR REHEARING
PLEUS, J.
Kenneth Blanford filed a motion for rehearing after we affirmed per curiam the summary denial of his Rule 3.800(a) motion to correct an illegal sentence. Because this court is receiving an avalanche of appeals on denials of Rule 3.800(a) motions, we deem it appropriate to use this opportunity to discuss the well-established law and the distinction between Rule 3.800(a) and Rule 3.850 in the hopes it will deter other pro se defendants from asserting similar fruitless arguments.
On May 28, 1998, Blanford was convicted of battery on a law enforcement officer, and sentenced to five years incarceration as a Prison Releasee Reoffender. The instant appeal, which we affirmed per cu-riam, was from his second 3.800(a) motion.
In this motion he raised two grounds. Blanford first argued that the Prison Re-leasee Reoffender statute, as applied to him, violated the ex post facto provisions of the state and federal constitutions. This argument has been rejected by the Fifth District and other courts. See Gray v. State, 742 So.2d 805 (Fla. 5th DCA 1999), rev. granted, 751 So.2d 1252 (Fla. 2000). See also Palmore v. State, 25 FLW D1224, — So.2d -, 2000 WL 627666 (Fla. 1st DCA May 17, 2000); Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999), rev. granted, 761 So.2d 331 (Fla.2000). Blanford next claimed that when he entered a guilty plea to battery on a law enforcement officer, he was unaware of the releasee reoffender penalty. This claim should have been raised in a Rule 3.850 motion alleging an involuntary plea,[1] not in a 3.800(a) motion to correct sentence. As *373 Blanford was sentenced on May 28, 1998, his túne had expired for filing a Rule 3.850 motion. See Fla.R.Crim.P. 3.850(b).
The crux of Blanford’s current pro se motion for rehearing is that he had court-appointed appellate counsel. Even if this were true, the result of his appeal would be the same. Accordingly, his motion for rehearing is denied.
MOTION DENIED.
COBB and GRIFFIN, JJ., concur.

. In any event, the trial court attached the plea and sentencing transcript in which the defendant was advised that if he qualified as a Prison Releasee Reoffender, the court would have no discretion but to sentence him to five years incarceration. See § 775.082(9)(a)3d., Fla. Stat. (2000).