QUINCE, J.
We have for review the decision in Medina v. State, 751 So.2d 138 (Fla. 2d DCA 2000), which certified conflict with the decision in State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999), approved, 802 So.2d 276 (Fla.2001). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Robert Medina raises two issues before this Court. First, he argues the Prison Releasee Reoffender Punishment Act (PRRP) cannot be applied to the crime of burglary of an unoccupied dwelling. On this issue we vacate the decision of the Second District and remand for reconsideration upon application of our decision in State v. Huggins, 802 So.2d 276 (Fla.2001).
The second issue involves various constitutional challenges to the PRRP;[1] The Second District denied the constitutional challenges and held that all of these issues have been resolved, citing Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), approved in part, quashed in part, 770 So.2d 655 (Fla.2000). As to the constitutional challenges, we approve the decision of the Second District- based upon our decisions in Grant v. State, 770 So.2d 655 (Fla.2000), and State v. Cotton, 769 So.2d 345 (Fla. 2000).
It is so ordered.
SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
LEWIS, J., concurs in part and dissents in part with an opinion, in which WELLS, C.J., concurs.

. The various constitutional challenges are: the PRRP violates the single subject rule, violates separation of powers, is cruel and unusual, is void for vagueness, violates due process, violates equal protection, and is overbroad.