BLUE, Acting Chief Judge.
Terence Yates appeals the order of restitution entered subsequent to his convictions and sentences for burglary and grand theft. Because we lack jurisdiction over this appeal based on the Criminal Appeal Reform Act of 1996, section 924.051, Florida Statutes (Supp.1996), we dismiss the appeal.
Yates entered no contest pleas to the charges of burglary and grand theft. He did not preserve any dispositive issues for appellate review. He was placed on two years of probation. Subsequently, a restitution hearing was held. Yates was not present at the hearing, had not been noticed for the hearing, and had not waived his presence at the hearing. Yates’ attorney did not object to the hearing being conducted in Yates’ absence nor to the amount of restitution imposed. Yates then appealed the restitution order, challenging both the amount of the restitution assessed and that the restitution hearing was conducted in his absence. See Papageorge v. State, 710 So.2d 53 (Fla. 4th DCA 1998).
Under the Criminal Appeals Reform Act, this court’s jurisdiction is limited to an alleged prejudicial error that has been properly preserved or, if not properly preserved, that would constitute funda *965 mental error. Bain v. State, 24 Fla. L. Weekly D314, 730 So.2d 296 (Fla. 2d DCA 1999) (en banc). Here, the alleged errors were not preserved for appellate review. Additionally, the alleged errors do not amount to an “illegal” sentence, nor do they undermine “the integrity of our system of justice.” Bain, 24 Fla. L. Weekly at D318, 730 So.2d at 302.
Accordingly, we dismiss this appeal without prejudice to Yates timely filing a motion pursuant to Florida Rule of Criminal Procedure 3.850.
WHATLEY and STRINGER, JJ., Concur.