750 So.2d 659 (1999)
Cardell ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3338.
District Court of Appeal of Florida, Fourth District.
October 20, 1999.
Rehearing Denied December 14, 1999.
*660 Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
Appellant was convicted of burglary of an occupied dwelling and sentenced as both a habitual offender and a prison releasee reoffender, in which the court gave separate sentences under each statute. Adams appeals his sentence on the ground that the court erred in sentencing him twice for the same crime. We agree that the sentence by the trial court constitutes double jeopardy and reverse.
After appellant's conviction, the trial court found that appellant qualified as both a prison releasee reoffender ("PRR") and a habitual felony offender ("HFO") pursuant to sections 775.084 and 775.082, Florida Statutes (1997). The court then sentenced appellant to a total of thirty years. The judge specified that the first fifteen years would be served as a PRR. Under the prison releasee reoffender statute, the maximum term for the offense committed by appellant is fifteen years. See § 775.082(8)(a)2.c. The last fifteen years were to be served as an HFO, for which he would receive full credit for time served. The Prison Releasee Reoffender Act does not allow any type of early release, including gain time. See § 775.082(8)(b). In contrast, a defendant sentenced as a habitual felony offender is eligible for early release after completing at least 85% of his sentence. See §§ 775.084(4)(j); 944.275(4)(b). In the instant case, if the appellant were sentenced as an HFO, and would be required to serve 85% of the sentence, given all allowable credits, he would serve approximately 25.5 years, more than the maximum under the PRR Act. However, by sentencing him to the first fifteen years as a PRR, for which no gain time is credited, appellant would only accumulate the gain time in the last fifteen years, and would serve 12.75 additional years, or 27.75 years minimum, which would deprive him of allowable gain time under the HFO statute.
The Double Jeopardy Clause of both the United States Constitution and the Florida Constitution guarantee that no person shall twice be put in jeopardy for the same offense. See U.S. Const. Amend. V; Fla. Const. art. I, § 9. Part of that protection is against multiple punishments for the same offense. See Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994). In Ex Parte Lange, 18 Wall. 163, 85 U.S. 163, 168, 21 L.Ed. 872 (1873), the Supreme Court stated:

*661 If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offense. And though there have been nice questions in the application of this rule to cases in which the act charged was such as to come within the definition of more than one statutory offense, or to bring the party within the jurisdiction of more than one court, there has never been any doubt of its entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offense.

(emphasis supplied). In Lange the defendant had been convicted of a misdemeanor for which the punishment was a fine or imprisonment. The trial court, however, imposed both a fine and imprisonment. Lange was imprisoned, but paid the fine five days later. The trial court, realizing its mistake, vacated the first sentence and imposed solely a prison sentence. Lange sought a writ of habeas corpus in which he alleged that by paying the fine he had satisfied one of the two alternative punishments authorized by the statute and was therefore entitled to release, having been punished for his crime. The Court held that service of the prison sentence would constitute double jeopardy, and the trial court's order vacating the fine and imposing solely the prison sentence was void. See id. at 175-76. Thus, Lange was entitled to his release. See also In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943).
In protection against multiple punishments, the Double Jeopardy Clause seeks to ensure that the total punishment does not exceed that authorized by the Legislature. See Jones v. Thomas, 491 U.S. 376, 381, 109 S.Ct. 2522, 2525, 105 L.Ed.2d 322 (1989). "The purpose is to ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." Id., 491 U.S. at 381, 109 S.Ct. at 2525-26 (citation omitted).
As in Lange, the Legislature created alternative sentencing options for the same offense. In the instant case, appellant has received two separate sentences for the same crime, with different lengths and release eligibility requirements. Upon completion of his fifteen year sentence as a PRR, appellant will have received the maximum sentence permitted for his crime under that statute. Thus, the continuation of the sentence as a habitual offender would leave appellant incarcerated after having completely served his PRR sentence for the identical criminal act. A reading of the statute reveals that the Legislature did not intend to authorize an unconstitutional "double sentence" in cases where a convicted defendant qualified as both a prison releasee reoffender and a habitual offender. Section 775.082(8)(c) states: "[n]othing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law." We conclude that this section overrides the mandatory duty to sentence a qualifying defendant as a prison releasee reoffender under section 775.082(8)(d), where the court elects to hand down a harsher sentence as a habitual offender.
Furthermore, section 775.021(4)(b) states:
The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity.... Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.
(emphasis added). If the Legislature does not intend to create multiple sentences for offenses requiring identical elements of proof, then surely the statute does not permit sentencing twice for the same offense. *662 The imposition of a sentence under both statutes constitutes double jeopardy and is illegal.
Since the court can only decline to enter a PRR sentence when it imposes a harsher HFO sentence, we conclude that the proper disposition of this case is to reverse the sentence and remand with directions to vacate the PRR sentence. This is consistent with the legislative intent. See Jones, 491 U.S. at 381, 109 S.Ct. at 2525.
We affirm as to all other issues, including the challenge to the constitutionality of the Prison Releasee Reoffender Act, which we have previously addressed. See Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 915 (Fla. 1999).
Conviction affirmed; sentence reversed and remanded for vacation of the Prison Releasee Reoffender sentence.
STEVENSON, J., and KREEGER, JUDITH L., Associate Judge, concur.