745 So.2d 1065 (1999)
John M. GLAVE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1314.
District Court of Appeal of Florida, Fourth District.
November 10, 1999.
Opinion on Reconsideration December 22, 1999.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, Fort Lauderdale, for appellee.
WARNER, C.J.
We affirm appellant's conviction and find that the court did not err in overruling his objections to the state's comments in closing argument. In the context of the entire argument, we do not construe the prosecutor's statements as an impermissible comment on the right to remain silent or as a disparaging remark on appellant's right to a jury trial.
However, we reverse appellant's sentence which was imposed under both the Prisoner Releasee Reoffender Act and the Habitual Felony Offender statute, as the two sentences violate principles of double jeopardy. See Adams v. State, ___ So.2d ___, 1999 WL 966743 (Fla. 4th DCA Oct.20, 1999). On remand the trial court should sentence appellant pursuant to one or the other statute, but not both.
Conviction affirmed; sentence reversed.
FARMER and STEVENSON, JJ., concur.

ON MOTION FOR RECONSIDERATION
WARNER, C.J.
The state points out that in the instant case the Habitual Felony Offender sentence was subsumed within the Prison Releasee Reoffender sentence. Therefore, it was not harsher than the Prison Releasee Reoffender sentence. We therefore modify our opinion by ordering the trial court to impose the Prison Releasee Reoffender sentence on remand in accordance with Adams v. State, 24 Fla. L. Weekly D2394, *1066 ___ So.2d ___, 1999 WL 966743 (Fla. 4th DCA Oct.20, 1999).
FARMER and STEVENSON, JJ., concur.