751 So.2d 106 (1999)
Vashon Oland LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-197.
District Court of Appeal of Florida, Fifth District.
December 30, 1999.
Rehearing Denied February 28, 2000.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Vashon O. Lewis ["Lewis"] seeks review of his sentence as both a habitual violent felony offender and prison releasee re-offender.
The State charged Lewis with one count of burglary of an occupied dwelling on March 16, 1998. On March 18, 1998, the State filed notice of its intent to seek prison releasee reoffender penalties upon conviction. At a jury trial on July 16, 1998, the jury found Lewis guilty.
*107 The State then filed its notice to seek habitual felony offender penalties on August 12, 1998. On September 18, 1998, Lewis filed a motion to declare section 775.082(8), Florida Statutes (1997), the "Prison Releasee Reoffender Act," unconstitutional. Specifically, Lewis argued that the statute violated: (1) the single subject rule; (2) the separation of powers doctrine by divesting the trial court of sentencing discretion in favor of the state attorney and victims; (3) state and federal due process guarantees; (4) equal protection; and (5) the constitutional prohibitions against cruel and unusual punishment. Lewis additionally argued that the statute was void for vagueness due to the failure to define the terms "sufficient evidence," "material witness," "extenuating circumstance," and "just prosecution." Finally, he argued that sentencing him as both a habitual violent felony offender and as a prison releasee reoffender violated double jeopardy. The court denied his motion in all its components.
The trial court entered a written order adjudicating Lewis a habitual violent felony offender based upon the following prior convictions: armed burglary; grand theft; grand theft with firearm; aggravated assault; burglary of a dwelling; and battery on the elderly. The court also entered a written order the same day adjudicating Lewis a prison releasee reoffender based upon the same convictions. In addition, the court entered its judgment adjudicating Lewis guilty of the offense of burglary of an occupied dwelling and sentencing him to concurrent terms, as a habitual felony offender, to ten years imprisonment followed by ten years of probation and, as a prison releasee reoffender, to fifteen years in prison.
Lewis contends that being sentenced both as a habitual violent felony offender and as a prison releasee reoffender, under section 775.082(8), Florida Statutes (1997), otherwise known as the "Prison Releasee Reoffender Punishment Act," ["PRR"], violates the prohibitions against double jeopardy provided in the Fifth Amendment and Article I, section 9, of the Florida Constitution. Accordingly, Lewis requests this court to vacate "one of his dual sentences," without choosing one or the other. The State, on the other hand, construes subsection (c) of the Act to mean the trial court may impose both sentences.
Subsection (c) provides:
(c) Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law.
We agree with Lewis that the above subsection authorizes alternatives; namely, the statute allows the State to seek whichever sentence may imprison the defendant longer. It does not provide for dual sentences. See Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999)("A reading of the statute reveals that the Legislature did not intend to authorize an unconstitutional `double sentence' in cases where a convicted defendant qualified as both a prison releasee reoffender and a habitual offender."); see also Glave v. State, 745 So.2d 1065 (Fla. 4th DCA 1999).
Here, the trial court sentenced Lewis, as a prison releasee reoffender, to a term of fifteen years imprisonment to run concurrently with his "split sentence" as a habitual violent felony offender of ten years in prison followed by ten on probation. Thus, like the defendant in Adams, Lewis "has received two separate sentences for the same crime, with different lengths and release eligibility requirements." Adams, 750 So.2d at 661. This was error. Because the PRR sentence is the longer of the two incarceration[1] alternatives, it is the one that must be imposed. We vacate the habitual violent offender sentence.
*108 AFFIRMED in part; VACATED in part.
GOSHORN and THOMPSON, JJ., concur.
NOTES
[1] The PRR statute speaks in terms of greater sentences of incarceration.