PER CURIAM.
Michael Brinson appeals his conviction and sentence for robbery. Brinson asserts that the trial court erred in denying his motion for judgment of acquittal; that section 775.082(8), Florida Statutes (1997), the Prisoner Releasee Reoffender Act, is unconstitutional; and that his sentence under both the Habitual Offender Statute and the Prisoner Releasee Reoffender Act violates the prohibition against double jeopardy. We affirm appellant’s conviction and the denial of his motion for judgment of acquittal without further comment. Appellant’s claims as to the constitutionality of the Prisoner Releasee Reoffender Act were considered and rejected by this court in Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999). See Jones v. State, 751 So.2d 139 (Fla. 2d DCA 2000). We therefore affirm appellant’s sentence.
We recognize that the Fourth District has ruled contrary to our opinion in Grant and has held that a sentence imposed under both the Prisoner Releasee Reoffender Act and the Habitual Offender Statute violates the principle of double jeopardy. See Melton v. State, 746 So.2d 1188 (Fla. 4th DCA 1999); Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999); Glare v. State, 745 So.2d 1065 (Fla. 4th DCA 1999). Thus, we certify conflict to the extent our holding on the double jeopardy issue conflicts with the Fourth District’s decision in these cases.
Affirmed.
CAMPBELL, A.C.J., BLUE and STRINGER, JJ., Concur.