PER CURIAM.
All of the constitutional challenges to the Prison Releasee Reoffender Punishment Act asserted by the defendant in this case have been rejected by the court in other cases. See Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000)(certifying conflict with Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999)); Crump v. State, 746 So.2d 558 (Fla. 1st DCA 1999); Chambers v. State, 752 So.2d 64 (Fla. 1st DCA 2000); Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999); Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999). Here, as in Woods, we certify the following question to the Supreme Court as a question of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES, (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
Affirmed.
BARFIELD, C.J., VAN NORTWICK and PADOVANO, JJ., CONCUR.