765 So.2d 733 (2000)
Robert WALLS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-3966.
District Court of Appeal of Florida, First District.
May 17, 2000.
Nancy A. Daniels, Public Defender, Paula S. Saunders, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Robert Walls, challenges the constitutionality of the Prison Releasee Reoffender Punishment Act, section 775.082(8), Florida Statutes (1997), arguing that the statute violates both the separation of powers and single subject provisions of the state constitution. He also claims that his double jeopardy rights were violated by the imposition of sentences as both a habitual felony offender and a prison releasee reoffender for the same crimes. For the reasons stated below, we affirm in part and reverse in part.
Appellant's contention that section 775.082(8) violates the state constitution's separation of powers clause has been previously rejected in Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla.1999). Consistent with Woods, we certify the following question to the Florida Supreme Court:
DOES THE PRISON RELEASE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
Appellant's contention that section 775.082(8) violates the single subject provision of the Florida Constitution has likewise been rejected. See Jackson v. State, 744 So.2d 466 (Fla. 1st DCA), review granted, No. 96,308, 749 So.2d 503 (Fla. Dec. 15, 1999); Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla.1999).
As for appellant's double jeopardy argument, we decline to reach this point for the reasons stated below. Appellant was convicted of one count each of felony murder in the second degree, armed robbery, and armed burglary, and of two counts of attempted first-degree murder, all of which are first-degree felonies punishable by life. See §§ 782.04(3), 812.13(2)(a), 810.02(2)(b), 777.04(1), 782.04(1)(a) & 775.087(1), Fla. *734 Stat. (1997). He correctly argues that the sentencing forms reflect he was adjudicated and sentenced as both a habitual felony offender under section 775.084(4)(a), Florida Statutes (1997), and as a prison releasee reoffender under section 775.082(8).
Under the facts of this case, the trial court acted outside its authority in sentencing appellant as both a habitual felony offender and prison releasee reoffender. Section 775.082(8)(a)2 provides that once a defendant is determined to be a prison releasee reoffender, he or she must be sentenced in accordance with sentencing scheme set out in subsections (a) through (d). Section 775.082(8)(c) provides: "Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law." (Emphasis added.) Thus, trial courts retain discretion to deviate from the prison releasee reoffender statutory sentencing scheme by imposing greater sentences under the habitual felony offender statute.
In the instant case, appellant was convicted of first-degree felonies punishable by life. The prison releasee reoffender sentence for those crimes is life. See § 775.082(8)(a)2 a, Fla. Stat. (1997). Under section 775.084(4)(a)1, life and first-degree felonies are punishable by a term of life imprisonment. Thus, appellant's sentence under the habitual felony offender statute, life, is the same as his sentence under the prison releasee reoffender statute. Because section 775.082(8)(c) only authorizes the court to deviate from the prison releasee reoffender sentencing scheme to impose a greater sentence of incarceration, and because a life term under the habitual felony offender statute is not greater than a life term under the prison releasee reoffender statute, the trial court was without authority to sentence appellant under the habitual felony offender statute. We therefore reverse and remand with directions to strike those portions of appellant's sentences which indicate that he was adjudicated and sentenced as a habitual felony offender. His five concurrent life sentences under the prison releasee reoffender statute are otherwise affirmed.
In reaching the above result, we find no conflict between this case and Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000); Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999), petition for review filed, No. 00-18 (Fla. Jan. 3, 2000); or Lewis v. State, 751 So.2d 106 (Fla. 5th DCA 1999), petition for review filed, No. 00-686 (Fla. Mar. 29, 2000), none of which involve the same factual situation of life sentences under both the prison releasee reoffender and habitual felony offender statute.
AFFIRMED in part, REVERSED in part, and REMANDED with directions to strike appellant's habitual felony offender sentences.
ERVIN, BOOTH and BENTON, JJ., CONCUR.