758 So.2d 1230 (2000)
Derrick WEST, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2537.
District Court of Appeal of Florida, Fourth District.
May 24, 2000.
*1231 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for appellee.
STEVENSON, J.
Derrick Devon West, the appellant, was convicted of two counts of robbery with a firearm and a single count of carjacking with a firearm. Following his conviction, West was sentenced to three concurrent life sentences as a prison releasee reoffender[1]; in addition, in sentencing West, the trial judge checked off the box for "habitual violent felony offender"[2] and ordered that West serve a fifteen-year mandatory minimum for each of the three offenses. On appeal, West challenges both his convictions and his sentence. We affirm West's convictions, but find merit in his contention that sentencing him as both a prison releasee reoffender and an habitual violent felony offender for the same offenses violated double jeopardy principles.
This court first addressed the issue raised by Westthat sentencing a defendant under both the prison releasee reoffender scheme and the habitual offender scheme for the same offense violates double jeopardyin Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999). In Adams, the defendant was convicted of burglary of an occupied dwelling and then sentenced as both an habitual offender and a prison releasee reoffender. Under the habitual offender statute, Adams faced a potential sentence of thirty years, but would be eligible for early release after completing 85% of his sentence. Under the prison releasee reoffender statute, Adams faced a sentence of fifteen years; however, under the Prison Releasee Reoffender Act, Adams was not eligible for any early release, i.e., he would serve 100% of the sentence imposed. The judge sentenced Adams to thirty years, the maximum available under the habitual felony offender statute, specifying that the first fifteen years were to be served as a prison releasee reoffender. This court concluded that by combining the two sentencing schemes, the trial judge had achieved a greater total sentence.
In the instant case, if the appellant were sentenced as an HFO, and would be required to serve 85% of the sentence, given all allowable credits, he would serve approximately 25.5 years, more than the maximum under the PRR Act. However, by sentencing him to the first fifteen years as a PRR, for which no gain time is credited, appellant would only accumulate the gain time in the last fifteen years, and would serve 12.75 additional years, or 27.75 years minimum, *1232 which would deprive him of allowable gain time under the HFO statute.
750 So.2d at 660. This court then held that the Legislature did not intend this "double sentence" and held that sentencing Adams under both statutes violated double jeopardy principles. "The imposition of a sentence under both statutes constitutes double jeopardy and is illegal." Id. at 662.
The State contends that Adams is distinguishable from the facts present here in that the imposition of both an habitual offender sentence and a prison releasee reoffender sentence does not serve to actually increase the number of days that West will be required to serve. While we acknowledge that this is true in West's case, we nonetheless hold that the dual sentences for the same offenses constitute double jeopardy. See Glave v. State, 745 So.2d 1065 (Fla. 4th DCA 1999). Accordingly, we reverse West's sentence and remand with directions that the trial court vacate the habitual felony offender sentence. See Adams, 750 So.2d at 662 (holding that "court can only decline to enter a PRR sentence when it imposes a harsher HFO sentence"); see also Glave, 745 So.2d at 1065-66 (on rehearing).
In so holding, we recognize that our holding conflicts with those of our sister courts in Grant v. State, 745 So.2d 519 (Fla. 2d DCA), review granted, No. SC99-164, 761 So.2d 329 (Fla. Apr. 12, 2000), Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000), and Alfonso v. State, 761 So.2d 1231 (Fla. 3d DCA 2000), and, as we did in Brooks v. State, No. 4D99-1017, ___ So.2d ___, 2000 WL 526040 (Fla. 4th DCA May 3, 2000), certify the conflict.
AFFIRMED in part and REVERSED in part.
DELL and STONE, JJ., concur.
NOTES
[1] See § 775.082(8), Fla. Stat. (1997). Section 775.082 was subsequently amended and the prison releasee reoffender sentencing scheme is now found at section 775.082(9), Florida Statutes (1999).
[2] See § 775.084(1)(b), Fla. Stat. (1997).