761 So.2d 438 (2000)
Anthony MENDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0982.
District Court of Appeal of Florida, Fourth District.
May 31, 2000.
*439 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We deny the state's motion for rehearing, clarification, and certification of conflict. However, we withdraw our previously issued opinion and substitute the following in its place:
We affirm Mendez's conviction on charges of robbery and grand theft, but reverse the sentence and remand for resentencing.
At sentencing, the trial court found Mendez to be a violent career criminal and violent habitual felony offender. The court also found that Mendez qualified as a prison releasee re-offender on count I. The court then sentenced Mendez as a violent career criminal and ordered him to serve a term of forty years imprisonment, with a mandatory minimum of thirty years. The trial judge additionally ordered that, as to count I, as a prison releasee re-offender, Mendez be committed to the Department of Corrections for fifteen years and, finally, sentenced him as a habitual felony offender, to a term of thirty years.
Although the court orally explained that the above sentences on count I were intended only as alternative sentences in the event that one or more of the statutes involved was declared unconstitutional, or a sentence determined to be illegally imposed, and that the primary sentence imposed is the violent career criminal sentence, Mendez's written sentence includes sentences under all three statutes. We remand for re-sentencing of Mendez under only one provision in accordance with the trial judge's oral pronouncement. We note that in Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999), we held that dual sentences under both the prison releasee re-offender and habitual offender statutes violated double jeopardy. However, the sentences in this case were imposed in the alternative; therefore, we need not certify conflict with cases holding contrary to our holding in Adams. See, e.g., Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000); Newsome v. State, 25 Fla. L. Weekly D619, ___ So.2d ___, 2000 WL 256153 (Fla. 2d DCA Mar.8, 2000); McDaniel v. State, 751 So.2d 182 (Fla. 2d DCA 2000); Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999).
As to the constitutional issues raised, the Florida Supreme Court has ruled that Chapter 95-182 § 12, Laws of Florida, which amended section 775.084, Florida Statutes, to include the violent career criminal classification, violates the single subject requirement of the Florida Constitution. See State v. Thompson, 750 So.2d 643 (Fla.1999). However, Mendez, who committed his offense on December 25, 1997, lacks standing to challenge on this basis because the window for challenging the statute on this ground opened October *440 1, 1995, and closed May 24, 1997. See Salters v. State, 758 So.2d 667 (Fla. 2000). Accordingly, Mendez's violent career criminal sentence is affirmed. The remaining challenges to the sentence are moot as the record reflects that the remaining sentences were intended to be imposed in the alternative in the event that the violent career criminal sentence was overturned on appeal.
As to all other issues raised on appeal, we find no reversible error or abuse of discretion and affirm.
DELL, STONE, and POLEN, JJ., concur.