759 So.2d 745 (2000)
Stephen DRAGANI, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-1203.
District Court of Appeal of Florida, Fifth District.
June 1, 2000.
James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
*746 W. SHARP, J.
Dragani appeals from a final judgment and sentence after being convicted of a bank robbery[1] and threatening to discharge a destructive device.[2] He argues that the trial court erred in admitting a videotape taken at the bank during the course of the robbery and admitting photographs made from the tape without proper authentication, imposing restitution in the amount of $4,540.00, sentencing him pursuant to the Prison Releasee Reoffender Act[3] because it is unconstitutional, and sentencing him as an habitual violent felony offender and a PRR for both crimes.
We affirm the convictions. There was sufficient evidence to authenticate the videotape and photographs made from the tape based on the bank officer's testimony as to the installation and operation of the video camera in the bank, his directing the camera at the defendant during the robbery, and his identification of the date and time the video was made. In addition, there was no evidence of tampering. Dolan v. State, 743 So.2d 544 (Fla. 4th DCA 1999); Wagner v. State, 707 So.2d 827 (Fla. 1st DCA 1998).
We also find Dragani's argument, as to restitution, without merit. Although there was no mention of restitution at the sentencing hearing, an order was entered which imposed an amount roughly equal to the amount stolen from the bank, less funds recovered. This does not constitute fundamental error. See Maddox v. State, 760 So.2d 89 (Fla.2000); Yates v. State, 738 So.2d 964 (Fla. 2d DCA 1999). Further, Dragani did not file a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). Thus, this issue was not preserved for appeal. See Noland v. State, 734 So.2d 464 (Fla. 5th DCA 1999); Mitchell v. State, 664 So.2d 1099 (Fla. 5th DCA 1995).
However, we agree with Dragani that the trial court should not have sentenced him for both crimes under both the Habitual Offender and the Prison Releasee Reoffender statutes. Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999); Melton v. State, 746 So.2d 1188 (Fla. 4th DCA 1999); Glave. v. State, 745 So.2d 1065 (Fla. 4th DCA 1999). In Thomas v. State, 745 So.2d 1119 (Fla. 5th DCA 1999), we held that concurrent sentences as a violent career criminal and a PRR for two counts of lewd and lascivious act in the presence of a child, violated the defendant's double jeopardy rights. However, we acknowledge conflict with Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999).
Accordingly, we vacate Dragani's sentences and remand the cause for resentencing under the harsher penalty as an habitual offender. We do not reach the issue of the constitutionality of the Prisoner Releasee Reoffender Act and thus decline to certify conflict with the second and fourth districts. Alexander v. State, 739 So.2d 667 (Fla. 5th DCA 1999); Moon v. State, 737 So.2d 655 (Fla. 5th DCA 1999); Cook v. State, 737 So.2d 569 (Fla. 5th DCA 1999), cert. granted, No. SC96399, 761 So.2d 327 (Fla. Feb. 21, 2000).
AFFIRMED in part; REMANDED in part for resentencing.
ANTOON, C.J., and GRIFFIN, J., concur.
NOTES
[1] § 812.13, Fla. Stat. (1997).
[2] § 790.162, Fla. Stat. (1997).
[3] § 782.082(8), Fla. Stat. (1997).