FARMER, J.
We affirm defendant’s conviction and write only to address his sentence as both a habitual felony offender (HFO) and a prison releasee reoffender (PRR). The conviction is armed robbery; the sentence is life. On the sentencing form, the trial judge checked both the blocks for the HFO statute and the PRR statute.
Under HFO, the trial judge could impose a maximum of life,[1] while under PRR the maximum is 30 years.[2] In identical circumstances, we have held that the court may not impose both a HFO and a PRR sentence. See Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999) (30 year sentence under HFO could not validly be imposed whereby first 15 years is required to be served under PRR; combined sentence was violation of Double Jeopardy). Accordingly, we reverse the sentence and remand to vacate the PRR sentence.
In Walls v. State, 2000 WL 627661 (Fla. 1st DCA May 17, 2000), the trial court imposed a sentence of life under both *774 PRR and HFO. On appeal the first district distinguished the case from our decision in Adams. Of course, where the sentence is the same under both HFO and PRR, the court must impose the sentence under PRR. See § 775.082(8)(c) (“Nothing in this subsection shall prevent a court from imposing a greater sentence [e.s.] of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law.”). If both are the same, the other is not greater, and the PRR must be imposed. That is not the circumstance we faced in Adams or in this case today.
A number of Florida appellate decisions have been contrary to. our Adams analysis. See Barge v. State, 763 So.2d 1289 (Fla. 1st DCA 2000); Bloodworth v. State, 754 So.2d 894 (Fla. 1st DCA 2000); Chambers v. State, 764 So.2d 658 (Fla. 1st DCA 2000); Nichols v. State, 755 So.2d 782 (Fla. 1st DCA 2000); Palmore v. State, - So.2d -, 2000 WL 627666 (Fla. 1st DCA May 17, 2000); Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000); Taylor v. State, 755 So.2d 195 (Fla. 1st DCA 2000); Wright v. State, - So.2d -, 2000 WL 424053 (Fla. 1st DCA April 20, 2000); Brinson v. State, 751 So.2d 1256 (Fla. 2d DCA 2000); Jones v. State, 751 So.2d 139 (Fla. 2d DCA 2000); Newsome v. State, - So.2d -, 2000 WL 256153 (Fla. 2d DCA March 8, 2000); Alfonso v. State, 761 So.2d 1231 (Fla. 3d DCA 2000).
Only the Fifth District agrees with Adams. See Dragani v. State, 759 So.2d 745 (Fla. 5th DCA 2000); Lewis v. State, 751 So.2d 106 (Fla. 5th DCA 1999); Thomas v. State, 745 So.2d 1119 (Fla. 5th DCA 1999). We hereby certify conflict with the First, Second and Third District decisions contrary to Adams.
The PRR sentence is hereby reversed and we remand for the trial court to impose only the HFO sentence.
GROSS and TAYLOR, JJ., concur.

. See § 775.084(4)(a)l, Fla. Stat. (1999).

. See § 775.082(9)(a)3 b, Fla. Stat. (1999).