BENTON, J.,
concurring.
The present case asks the question how many sentences ought to be pronounced for a single crime. Upholding appellant’s habitual offender sentence for unarmed robbery, a sentence of twenty-six years— at least eighty-five per cent of which appellant must actually serve, see § 944.275(4)(b)3., Fla. Stat. (1997) — the court today remands for imposition of a second, concurrent sentence for the same robbery, albeit a second sentence not to exceed fifteen years. Imposition of a concurrent fifteen-year sentence on remand will have no practical significance.
But I do not read the Prison Releasee Reoffender Act (or any other statute) as authorizing more than one sentence for this robbery. See Lewis v. State, 751 So.2d 106, 107 (Fla. 5th DCA 1999). If I were not constrained by precedent, therefore, I would dissent from today’s remand for resentencing under the Prison Releas-ee Reoffender Act, even though I share the majority’s view that the sentence imposed under that Act must be vacated.
It was decided in Smith v. State, 754 So.2d 100, 101 (Fla. 1st DCA 2000), that a “HFO sentence with a 15-year minimum mandatory under the PRR Act does not violate Double Jeopardy.” Contra Adams v. State, 750 So.2d 659, 661 (Fla. 4th DCA 1999). Compare Dragani v. State, 759 So.2d 745, 745-46 (Fla. 5th DCA 2000), with Alfonso v. State, 761 So.2d 1231 (Fla. 3d DCA 2000). While I would not have reached the constitutional question in Smith, see Lewis, 751 So.2d at 107—and believe the question was wrongly decided there, see Adams, 750 So.2d at 661; Melton v. State, 746 So.2d 1188, 1188 (Fla. 4th DCA 1999); Glave v. State, 745 So.2d 1065, 1065 (Fla. 4th DCA 1999)—I am bound by Smith, which authorizes imposition of a concurrent sentence under the Prison Re-leasee Reoffender Act. See Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), review granted, SC99-164, 761 So.2d 329 (Fla. Apr. 12, 2000).