PER CURIAM.
The appellant, Nicholas Monroe, challenges his conviction and sentence for resisting arrest with violence, battery on a law enforcement officer, and possession of cannabis. The court sentenced appellant to eight years imprisonment on the resisting arrest and battery convictions, and sentenced appellant as both a habitual felony offender and a prison releasee reoffen-der on those counts. See §§ 775.084(4), 775.082, Fla. Stat. (1997).
We affirm appellant’s conviction and reverse the sentence as both a habitual felony offender and a prison releasee reoffen-der. See Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999). As we did in Valentino v. State, 765 So.2d 133 (Fla. 4th DCA 2000), West v. State, 758 So.2d 1230 (Fla. 4th DCA 2000), and Brooks v. State, 764 So.2d 648 (Fla. 4th DCA 2000), we certify conflict with our sister courts in Alfonso v. State, 761 So.2d 1231 (Fla. 3d DCA 2000), rev. dismissed by, No. SC00-1249, 767 So.2d 453 (Fla. Jun.21, 2000); Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000); and Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), rev. granted, No. SC99-164, 761 So.2d 329 (Fla. Apr. 12, 2000), on the issue of whether the double jeopardy clause precludes sentencing a defendant as both a prison releasee reoffender and a habitual felony offender.
On remand, we direct that the court enter the prison releasee reoffender sentence, as this was the more severe sentence. See Saulsberry v. State, No. 4D99-1680, - So.2d -, 2000 WL 1140489 *939 (Fla. 4th DCA Aug. 9, 2000)(on rehearing). Appellant is not required to be present for resentencing since this is merely a ministerial act. See id.
Affirmed in part; reversed in part. Remanded for resentencing.
WARNER, C.J., STONE and STEVENSON, JJ., concur.