PER CURIAM.
Appellant, Harley Roy, was sentenced as both a habitual felony offender (section 775.084(l)(a), (3)(a), (4)(a), Florida Statutes (1999)), and a prison releasee reoffender (section 775.082(9), Florida Statutes (1999)) to three concurrent 15-year prison terms on three separate convictions for burglary of a dwelling.
Since the court can only decline to enter a prison releasee reoffender sentence when it imposes a harsher habitual felony offender sentence, we reverse appellant’s sentences imposed under the habitual felony offender act and the prison releasee reoffender act and remand for resentencing under only the prison releas-ee reoffender act. See Glave v. State, 745 So.2d 1065 (Fla. 4th DCA 1999); Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999).
As we did in Valentino v. State, 765 So.2d 133 (Fla. 4th DCA 2000), West v. State, 758 So.2d 1230 (Fla. 4th DCA 2000), and Brooks v. State, 764 So.2d 648 (Fla. 4th DCA 2000), we certify conflict with our sister courts in Alfonso v. State, 761 So.2d *940 1231 (Fla. 3d DCA 2000), rev. dismissed by, No. SC00-1249, 767 So.2d 453 (Fla. Jun.21, 2000); Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000); and Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), rev. granted, No. SC99-164, 761 So.2d 329 (Fla. Apr. 12, 2000), on the issue of whether the double jeopardy clause precludes sentencing a defendant as both a prison releasee reoffender and a habitual felony offender.
The state points to State v. Cotton, 25 Fla. L. Weekly S463, -— So.2d -, 2000 WL 766521 (Fla. June 15, 2000), as authority that Glave and Adams are no longer valid. The issue of whether there is a double jeopardy violation in imposing both a prison releasee reoffender sentence and a habitual offender sentence was not discussed in Cotton. The court noted that the act creates a sentencing floor, as a mandatory sentencing scheme. What we said in Adams is consistent with that statement. The act requires that the court sentence a defendant as a prison releasee reoffender unless a harsher sentence can be imposed under the habitual offender statute or other provision of law. Thus, the prison releasee reoffender acts as the mandatory minimum sentence, but it does not mean that appellant can receive two sentences under two separate statutes for the same crime.
We certify to the Florida Supreme Court as a question of great public importance:
Is it a violation of double jeopardy principles to sentence a defendant under both the Prison Releasee Reoffender Act and the habitual offender statute for the same offense?
Finally, we stay our mandate pending resolution of the certified question by the supreme court.
WARNER, C.J., STONE and STEVENSON, JJ., concur.