PER CURIAM.
Appellant, Kenney Willis, was tried by jury and convicted of burglary of a dwelling with assault, two counts of sexual battery, and one count of robbery. Willis was sentenced to life imprisonment as both a prison releasee reoffender and a habitual offender as to count 1 (burglary with assault), and to concurrent 30-year sentences as a habitual felon and as a prison releasee reoffender as to counts 2 and 3 (sexual battery without great force for the burglary) and count 6 (robbery). We affirm the convictions but reverse and remand for resentencing.
We reverse and remand for the imposition of a single sentence rather than dual or alternative sentences as both a prison releasee reoffender and a habitual felony offender. See Mendez v. State, 761 So.2d 438 (Fla. 4th DCA 2000); see also Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999); Glave v. State, 745 So.2d 1065 (Fla. 4th DCA 1999).
As we did in Valentino v. State, 765 So.2d 133 (Fla. 4th DCA 2000), West v. State, 758 So.2d 1230 (Fla. 4th DCA 2000), and Brooks v. State, 764 So.2d 648 (Fla. 4th DCA 2000), we certify conflict with our sister courts in Alfonso v. State, 761 So.2d 1231 (Fla. 3d DCA 2000), Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000), and Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), rev. granted, 761 So.2d 329 (Fla.2000), on the issue of whether the double jeopardy clause precludes sentencing a defendant as both a prison releasee reoffen-der and a habitual felony offender.
AFFIRMED in part, REVERSED in part and REMANDED.
DELL, GUNTHER and STEVENSON, JJ., concur.