SALCINES, Judge.
Mark A. Lundy appeals the sentences imposed pursuant to his plea agreement for which he reserved the right to challenge the constitutionality of the Prison Releasee Reoffender Act. Most of the issues he raises are clearly controlled by Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), review granted, No. SC99-164, 761 So.2d 329 (Fla. Apr. 12, 2000), and State v. Cotton, 769 So.2d 345 (Fla.2000), and we affirm those without discussion. However, Lundy argues that the Act facially offends substantive due process and equal protection guarantees based upon a shortcoming not expressly addressed in either Grant or Cotton. He maintains that the Act violates substantive due process and equal protection guarantees because it draws a distinction between defendants who were previously incarcerated in and released from a Florida prison and those who were previously incarcerated in and released from other prison systems. That distinction, he maintains, lacks a rational basis and bears no rational relationship to any legitimate legislative purpose. To the extent that Lundy’s exact argument has not been disposed of by this court in Grant and the supreme court in Cotton, we find it unavailing.
Regarding Lundy’s argument that the Act offends prohibitions against double jeopardy, we acknowledge that our sister courts have found the Act to suffer such a flaw. See Dragani v. State, 759 So.2d 745 (Fla. 5th DCA 2000); West v. State, 758 So.2d 1230 (Fla. 4th DCA 2000). In so doing, however, we note that Lundy was not sentenced both as a habitual offender and under the Act as were the defendants in Grant, West, and Dragani.
Affirmed.
CAMPBELL, A.C.J., and BLUE, J., Concur.