PER CURIAM.
The Defendant appeals his jury conviction and sentence for strong-armed robbery. He argues that a prosecutor’s remark and the admission of collateral crimes evidence warrant a new trial. We find no merit in these issues.
He also contends that the trial court erred in sentencing him as a habitual felony offender, a habitual violent felony offender, and a prison releasee reoffender. The State contends this argument is not preserved because the Defendant failed to object to his sentence during the sentencing hearing or file a Rule 3.800(b) motion. While the Defendant’s argument is unpre-served, this issue is reviewable under Maddox v. State, 760 So.2d 89 (Fla.2000), as fundamental error.
Sentencing under both the habitual offender statutes and the prison releas-ee reoffender statute offends double jeopardy principles. See, e.g., Harris v. State, 764 So.2d 942 (Fla. 4th DCA 2000); Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999). Moreover, a court can decline to enter a prison releasee reoffender sentence only when it chooses instead to impose a harsher habitual offender sentence. See Adams, 750 So.2d at 662. Here, because it appears the habitual offender sentence is harsher than the prison releasee reoffender sentence, we reverse the sentencing order with directions to vacate the prison releasee reoffender sentence. We note this result conflicts with recent decisions from our sister courts and accordingly certify conflict with Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), rev. granted, 761 So.2d 329 (Fla.2000); Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000); and Alfonso v. State, 761 So.2d 1231 (Fla. 3d DCA 2000), rev. dismissed, No. SC00-1249, 2000 WL 949109 (Fla. June 21, 2000).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GUNTHER, STONE and POLEN, JJ., concur.