773 So.2d 654 (2000)
Yisrael YEHOWSHUA a/k/a Kenneth N. Washington, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-339.
District Court of Appeal of Florida, Fourth District.
December 20, 2000.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
Appellant, Yisrael Yehowshua (Yehowshua), was convicted of burglary with a battery and indecent assault of a child under sixteen years of age. Appellant was sentenced to life imprisonment as both a habitual felony offender (HFO) and a prison releasee reoffender (PRR). We affirm his convictions, but reverse his sentence imposing both the HFO and PRR sentences.
In Grant v. State, 770 So.2d 655, 658 (Fla.2000), the Florida Supreme Court found that "the imposition of an applicable longer, concurrent term of imprisonment with a PRR mandatory minimum sentence does not violate double jeopardy." However, the Grant court cited with approval Walls v. State, 765 So.2d 733 (Fla. 1st DCA 2000), where the First District found that the trial court erred in entering two concurrent, equal sentences. The First District found there was error not because such sentencing violated double jeopardy, but because it was not authorized by the PRR Act.
Because section 775.082(8)(c) only authorizes the court to deviate from the prison releasee reoffender sentencing scheme to impose a greater sentence of incarceration, and because a life term under the habitual felony offender statute is not greater than a life term under the prison releasee reoffender statute, the trial court was without authority to sentence appellant under the habitual felony offender statute.
Id. at 734.
Accordingly, we find that the trial court erred in sentencing Yehowshua as both an HFO and a PRR, and reverse and remand with directions for the trial court to sentence him only as a PRR.
*655 AFFIRMED in part, REVERSED in part, and REMANDED.
GUNTHER, POLEN and STEVENSON, JJ., concur.