PER CURIAM.
Travis Underhill was convicted of robbery with a firearm and sentenced to life as a prison releasee reoffender, with a thirty-year minimum mandatory, and to life as an habitual felony offender, with a fifteen-year minimum mandatory.[1] On appeal, Underhill challenges the trial court’s admission of photographs of the scene of the robbery and contends that his dual designation as both a prison releasee reof-fender (PRR) and an habitual felony offender (HFO) violates double jeopardy principles. We find no abuse of discretion in the admission of the photographs. As for Underhill’s sentence, while the supreme court has rejected the contention that the dual designation violates double jeopardy principles, see Grant v. State, 770 So.2d 655 (Fla.2000), as conceded by the State, such a dual designation is nonetheless prohibited where, as here, the HFO sentence is not harsher than the PRR sentence. See, e.g., Grant, 770 So.2d at 659; Hemmis v. State, 780 So.2d 942 (Fla. 4th DCA 2001); Yehowshua v. State, 773 So.2d 654 (Fla. 4th DCA 2000). Accordingly, we reverse Underhill’s sentence and remand this case to the trial court so that the HFO portion of the sentence may be stricken. Underhill need not be brought before the court for the sentence correction.
*1003 AFFIRMED in part, REVERSED in part and REMANDED.
FARMER, STEVENSON and GROSS, JJ., concur.

. The minimum mandatory periods were included as part of the sentences in response to Underhill’s 3.800(b) motion.