PER CURIAM.
Appellant, Garrett Brown, was convicted of armed burglary of a dwelling and three counts of robbery with a firearm while wearing a mask. The trial judge sentenced Brown to life imprisonment under the habitual felony offender (HFO) and prison releasee reoffender (PRR) statutes. We affirm his convictions, but reverse the sentence imposing both HFO and PRR sanctions. In view of the length of the sentences imposed, only the PRR sentence was appropriate.
In Grant v. State, 770 So.2d 655, 658 (Fla.2000), the Florida Supreme Court found that “the imposition of an applicable longer, concurrent term of imprisonment *528 with a PRR mandatory minimum sentence does not violate double jeopardy.” However, the Grant court cited with approval Walls v. State, 765 So.2d 733, 734 (Fla. 1st DCA 2000), where the First District found:
Because section 775.082(8)(c) only authorizes the court to deviate from the prison release reoffender sentencing scheme to impose a greater sentence of incarceration, and because a life term under the habitual felony offender statute is not greater than a life term under the prison releasee reoffender statute, the trial court was without authority to sentence appellant under the habitual felony offender statute.
See also Yehowshua v. State, 773 So.2d 654 (Fla. 4th DCA 2000)(reversing and remanding sentence imposing life imprisonment as both an HFO and PRR).
Accordingly, we find that the trial court erred in sentencing Brown as both an HFO and PRR, and reverse and remand with directions that the trial court sentence him only as a PRR.
AFFIRMED in part, REVERSED in part, and REMANDED.
FARMER, STEVENSON and GROSS, JJ., concur.