789 So.2d 974 (2001)
Vashon Oland LEWIS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-686.
Supreme Court of Florida.
July 5, 2001.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Kellie A. Nielan and Angela D. McCravy, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
LEWIS, J.
We have for review Lewis v. State, 751 So.2d 106 (Fla. 5th DCA 1999). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
Lewis challenges his sentences under the Prison Releasee Reoffender Act ("the Act") and the habitual violent felony offender statute. The district court interpreted subsection (8)(c) of the Act to mean that it "does not provide for dual sentences." 751 So.2d at 107.[1] This unqualified statement is contrary to our determination in Grant v. State, 770 So.2d 655, 657-59 (Fla.2000), in which we determined that the imposition of sentences under both the Act and the habitual felony offender statute did not violate principles of double jeopardy. However, we did determine that the imposition of equal, concurrent sentences violated the language of the Act itself. Lewis was sentenced here to fifteen years as a prison releasee reoffender and to ten years as a habitual violent felony offender along with ten years of probation. The district court stated in its decision that "[b]ecause the [prison releasee reoffender] sentence is the longer of the two incarceration alternatives, it is the one that must be imposed." Lewis, 751 So.2d at 107 (footnote omitted). To the extent that this statement implies that dual sentences under the Act and another recidivist statute are never allowed, and to the extent that it implies that a sentence under the Act must always be the longest in duration of any sentence imposed, Grant is controlling. As we stated in Grant, "section 775.082(8)(c) only authorizes [a sentencing] court to deviate from the [Act's] sentencing scheme to impose a greater sentence of incarceration." Grant, 770 So.2d at 659 (emphasis added). Therefore, the district court was correct in vacating the lesser sentence and we approve the result.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and QUINCE, JJ., concur.
NOTES
[1] Section 775.082(8)(c), Florida Statutes. (1997), reads:

Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law.
Section 775.084(1)(b), Florida Statutes (1997), contains the language regarding habitual violent felony offenders.