935 So.2d 1228 (2006)
Daren J. MICHEL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-903.
District Court of Appeal of Florida, Fifth District.
August 11, 2006.
Daren J. Michel, Bowling Green, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, For Appellee.
PALMER, J.
Daren J. Michel (defendant) appeals the trial court's summary denial of his rule 3.800(a) motion to correct illegal sentence.[1] Concluding that the defendant's sentences as a habitual felony offender are illegal, we reverse.
The defendant was sentenced to a term of 15 years of incarceration followed by 10 years of probation on his conviction for possessing a firearm by a convicted felon. He was sentenced as both a habitual felony offender (HFO)[2] and a prison releasee *1229 reoffender (PRR).[3] In two separate additional cases, the defendant was sentenced to concurrent terms of 15 years of incarceration followed by 10 years of probation on his convictions for robbery, again being sentenced as both an HFO and a PRR in each case.
The defendant filed a rule 3.800 motion challenging the trial court's imposition of equal terms of incarceration as a PRR and an HFO with respect to each of his three sentences. He cited to section 775.082(9)(c) of Florida's Prison Releasee Reoffender statute which states: "Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to [Florida's HFO statute] or any other provision of law." (Emphasis added). The defendant contended that his sentences were illegal because the term of incarceration imposed as an HFO in each of his cases did not impose a greater sentence of incarceration than the 15 year mandatory minimum sentence of incarceration imposed in each case pursuant to the PRR statute. The trial court rejected this argument, holding that the defendant was sentenced to the 15 year prison sentence as a PRR and to 15 years plus ten years probation as an HFO and, accordingly, the HFO sentence is "greater" and thus legal. We disagree. Based on the specific language of section 775.082(9)(c), the sentences under review are illegal.
The issue in the instant appeal is whether the trial court's addition of 10 years of probation to the 15 year HFO sentence in each case constituted "a greater sentence of incarceration" so that the defendant was legally sentenced as both a PRR and an HFO. In Grant v. State, 770 So.2d 655 (Fla.2000), the Supreme Court stated:
While imposition of equal concurrent sentences thus did not violate double jeopardy principles, it did, nonetheless, violate the express provisions of the Act. As recognized by the First District in Walls, 765 So.2d at 734 [Walls v. State, 765 So.2d 733 (Fla. 1st DCA 2000)], because "section 775.082(8)(c) only authorizes the court to deviate from the [Act's] sentencing scheme to impose a greater sentence of incarceration," a trial court is "without authority to sentence [a defendant to an equal sentence] under the habitual felony offender statute," even where such sentence is imposed concurrently with the PRR sentence. Thus, the trial court erred in imposing two concurrent, equal sentences in this case, not because such sentencing violated double jeopardy, but because it is not authorized by the Act.
Id., at 659.
Prior to the Supreme Court's decision in Grant, our court addressed a factual scenario similar to the instant case in Lewis v. State, 751 So.2d 106 (Fla. 5th DCA 1999), ("Lewis I"). In Lewis I, the defendant was sentenced to a 15 year mandatory minimum prison term as a PRR concurrent with a 10 year prison term, followed by 10 years of probation, as a habitual violent felony offender (HVFO). In entering its decision, the Fifth District interpreted section 775.082(8)(c) as authorizing "the State to seek whichever sentence may imprison the defendant longer," but not as allowing dual sentences as both a PRR and an HVFO. Id. at 107. The Fifth District vacated the defendant's HVFO sentence concluding: "Because the PRR sentence is the longer of the two incarceration alternatives, it is the one that must be imposed." Id.
*1230 The Supreme Court reviewed the Fifth District's decision in Lewis I based on conflict with the Supreme Court's decision in Grant. See Lewis v. State, 789 So.2d 974 (Fla.2001) ("Lewis II"). The Supreme Court held that the Fifth District's interpretation of subsection (8)(c) of the Prison Releasee Reoffender Act was contrary to the Supreme Court's decision in Grant:
To the extent that [the district's ruling] implies that dual sentences under the Act and another recidivist statute are never allowed, and to the extent that it implies that a sentence under the Act must always be the longest in duration of any sentence imposed, Grant is controlling. As we stated in Grant, "section 775.082(8)(c) only authorizes [a sentencing] court to deviate from the [Act's] sentencing scheme to impose a greater sentence of incarceration." Grant, 770 So.2d at 659 (emphasis added).
Id. Notwithstanding this clarification of the law, the Supreme Court approved the result in Lewis I and held that this Court was correct in "vacating the lesser sentence." Id.
The decisions by the Florida Supreme Court in Grant and Lewis II clarify the law with respect to concurrent sentences as a PRR and an HFO by holding that a concurrent HFO sentence which imposes a period of incarceration equal to or less than the PRR mandatory minimum constitutes an illegal sentence. Furthermore, Lewis II implicitly holds that an HFO sentence which includes a period of probation following an incarcerative term will not be treated as adding together the probationary term with the incarcerative term for purposes of creating "a greater sentence of incarceration" than the period of incarceration imposed under the Prison Releasee Reoffender Act. The focus is only on the periods of incarceration imposed as a PRR and an HFO for a given charge.
Accordingly, the 10 year probationary term which follows the defendant's 15 year HFO prison sentence, is not a "sentence of incarceration," and therefore, cannot be added to the 15 year HFO prison term in order to create "a greater sentence of incarceration" such that defendant's sentencing as an HFO and a PRR can stand. See § 775.082(9)(c), Fla. Stat. (2005). As such, we reverse the trial court's denial of the defendant's rule 3.800(a) motion and strike the defendant's HFO sentences, leaving only the PRR sentences in effect.
REVERSED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.800(a).
[2] See § 775.084, Fla. Stat. (2005).
[3] See § 775.082, Fla. Stat. (2005).