PALMER, J.
 

 Duane L. Bartee (defendant) appeals the trial court’s order summarily denying his motion to correct sentence, filed pursuant to rule 3.800(a) of the Florida Rules of Criminal Procedure. Although the defendant raises several claims for relief in his motion, only one merits discussion.
 

 The defendant was sentenced as a habitual felony offender (HFO) and a prison releasee reoffender (PRR), on his conviction for aggravated assault with a deadly weapon on a law enforcement officer, to a term of thirty years’ incarceration. Although there is no double jeopardy violation in sentencing a person both as an HFO and PRR for a single conviction, the PRR term of incarceration acts as a minimum mandatory term and, under the PRR statute, it must be less than the overall HFO sentence.
 
 See Grant v. State,
 
 770 So.2d 655 (Fla.2000).
 
 See also Michel v. State,
 
 935 So.2d 1228 (Fla. 5th DCA 2006)(reversing an order denying the defendant’s rule 3.800(a) motion because the defendant was sentenced as an HFO and a PRR but did not receive a greater HFO term of incarceration). As such, the defendant’s thirty-year sentence is improper.
 

 The order denying the defendant’s rule 3.800(a) motion is reversed in part. The case is remanded to the trial court to impose a fifteen-year PRR term of incarceration if the aggravated assault on a law enforcement officer conviction is a second-degree felony. If the felony was reclassified to a first-degree felony, then the thirty-year mandatory PRR sentence shall remain in effect, but the thirty-year HFO sentence must be vacated.
 
 Cf. Michel v. State,
 
 935 So.2d 1228 (Fla. 5th DCA 2006).
 
 [1]
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 SAWAYA and TORPY, JJ., concur.
 

 [1]
 

 . The limited record provided in this appeal prevents this court from determining whether the aggravated assault on a law enforcement officer was charged as a second-degree felony or a first-degree felony.