PER CURIAM.
We affirm the trial court’s denial of appellant’s motion to correct an illegal sentence. He claims that the trial court did not pronounce habitual offender status for him when it corrected a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) during the pendency of his original appeal of his conviction and sentence. He cites to State v. Collins, 985 So.2d 985 (Fla.2008), as support, but that case deals with resentencing after a reversal of the defendant’s sentencing. In this case the court was merely correcting the sentence by deleting appellant’s prison re-leasee reoffender sentence on the authority of Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999), vacated, State v. Adams, 786 So.2d 1168 (Fla.2001). Because this was a ministerial act, and not a complete resentencing, he was not entitled to reconsideration of his entire sentence.
WARNER, POLEN and HAZOURI, JJ., concur.