PER CURIAM.
Hector Portela appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Pórtela was convicted in one case of attempted robbery, aggravated assault, and battery, and was sentenced to concurrent 5-year prison terms as a violent habitual felony offender, and as a prison releasee reoffender. In a second case, he was convicted of burglary of a dwelling while armed and aggravated assault and was sentenced to concurrent 5-year prison terms as a violent habitual felony offender, and a prison releasee reof-fender.
*36 In Grant v. State, 770 So.2d 655, 658 (Fla.2000), the Florida Supreme Court found that “the imposition of an applicable longer, concurrent term of imprisonment with a PRR mandatory minimum sentence does not violate double jeopardy.” However, the Grant Court cited with approval Walls v. State, 765 So.2d 733 (Fla. 1st DCA 2000), where the First District found that the trial court erred in entering two concurrent, equal sentences. The First District found there was error not because such sentencing violated double jeopardy, but because it was not authorized by the PRR Act.
Because section 775.082(8)(c), now section 775.082(9), Florida Statutes (2000), authorizes the court to deviate from the prison releasee reoffender sentencing scheme only to impose a greater sentence of incarceration, and because a life term under the habitual felony offender statute is not greater than a life term under the prison releasee reoffender statute, the trial court was without authority to sentence appellant under the habitual felony offender statute. See id. at 734. We find that the trial court erred in sentencing Pórtela as both an HFO and a PRR. Accordingly, we strike the habitual offender designations. See Green v. State, 782 So.2d 416(Fla. 2d DCA 2001).
WARNER, C.J., STONE and FARMER, JJ., concur.