PER CURIAM.
John Roberts appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Roberts was convicted of two counts of armed kidnaping with a firearm; three counts of armed robbery with a firearm; one count of armed burglary of a structure; and, one count of aggravated battery. He was found guilty as charged on all counts and was sentenced to concurrent life prison terms both as a prison releasee reoffender (PRR)and a habitual violent offender (HVO), and to time served on the aggravated battery conviction. This court affirmed Roberts’ judgment and sentence. See Roberts v. State, 731 So.2d 1293 (Fla. 4th DCA 1999).
In his motion for postconviction relief, Roberts raised five issues. We reverse that portion of the trial court’s order which summarily denies Roberts’ claim that he could not be sentenced to equal, concurrent prison terms as both a habitual violent offender and a prison releasee reof-fender. We affirm the balance of the order without discussion.
In Grant v. State, 770 So.2d 655, 658 (Fla.2000), the Florida Supreme Court found that “the imposition of an applicable longer, concurrent term of imprisonment with a PRR mandatory minimum sentence does not violate double jeopardy.” However, the Grant court cited with approval Walls v. State, 765 So.2d 733 (Fla. 1st DCA), rev. dism., 779 So.2d 275 (2000) wherein the first district found that the trial court erred in entering two concurrent, equal sentences. There, the first district found error, not because such sentencing violated double jeopardy, but because it was not authorized by the PRR Act.
As the state concedes, because section 775.082(8)(c), now section 775.082(9), Florida Statutes (2000), authorizes the court to deviate from the prison releasee reoffen-der sentencing scheme only to impose a greater sentence of incarceration, and because a life term under the habitual violent offender statute is not greater than a life term under the prison releasee reoffender statute, the trial court was without authority to sentence appellant under the habitual felony offender statute. See id. at 734, Accordingly, we find that the trial court erred in sentencing Roberts as both an HVO and a PRR, and reverse and remand the sentence imposed with instructions to strike the habitual violent offender designations. See Portela v. State, 786 So.2d 35 (Fla. 4th DCA 2001).
WARNER, FARMER and TAYLOR, JJ., concur.