910 So.2d 306 (2005)
Bradley MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-3000.
District Court of Appeal of Florida, First District.
August 31, 2005.
*307 Nancy A. Daniels, Public Defender; Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct appeal from judgments and sentences, we affirm all of appellant's convictions. We also affirm all of appellant's sentences with the exception of the habitual felony offender designation on the sentences imposed for Counts II, VIII, and X. The sentences imposed for Counts II, VIII, and X are reversed and this cause remanded with directions to strike the habitual felony offender designation thereon.
Appellant was charged with and convicted of multiple counts of armed robbery, three of which were Counts II, VIII, and X. For each of these three armed robbery convictions, appellant was sentenced to concurrent terms of life imprisonment under both the habitual felony offender statute and the prison releasee reoffender statute. Imposing sentences of equal length under both of these two statutes was error "[b]ecause section 775.082(8)(c) only authorizes the court to deviate from the prison releasee reoffender sentencing scheme to impose a greater sentence of incarceration." Walls v. State, 765 So.2d 733, 734 (Fla. 1st DCA 2000)(emphasis supplied), review dismissed, 779 So.2d 275 (Fla.2000). "[B]ecause a life term under the habitual felony offender statute is not greater than a life term under the prison releasee reoffender statute, the trial court was without authority to sentence appellant under the habitual felony offender statute," id., "even where such sentence is imposed concurrently with the PRR sentence." Grant v. State, 770 So.2d 655, 659 (Fla.2000). Therefore, although we do not disturb the prison releasee reoffender designation on the sentences imposed for Counts II, VIII, and X, we reverse and remand with directions to strike the portions of these sentences which indicate that appellant was adjudicated and sentenced as a habitual felony offender. In all other respects, appellant's judgments and sentences are affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED with directions to strike appellant's habitual felony offender sentences as to Counts II, VIII, and X.
DAVIS, BENTON and VAN NORTWICK, JJ., concur.