PER CURIAM.
Appellant challenges his conviction and sentence on three grounds. We affirm two of those grounds without discussion. However, we agree with Appellant’s argument that the trial court reversibly erred by sentencing him to life in prison as a prison releasee reoffender (PRR) and to 40 years in prison as a habitual felony offender (HFO) on the same count. Consequently, for the reasons discussed below, Appellant’s sentence as an HFO is reversed and remanded.
Section 775.082(9)(a)3, Florida Statutes (2004), provides that once a defendant is determined to be a PRR, he must be sentenced in accordance to .the sentencing scheme set out in subsections (a) through (d). See id.; see also Walls v. State, 765 So.2d 783, 734 (Fla. 1st DCA 2000). Section 775.082(9)(e) provides: “Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law.” Id. (emphasis added); see also Walls, 765 So.2d at 734. Thus, trial courts retain discretion to deviate from the PRR statutory sentencing scheme by imposing greater sentences under the HFO statute. See Walls, 765 So.2d at 734.
Here, Appellant was convicted of armed robbery, a first-degree felony punishable by life in prison. See § 812.13(2)(a), Fla. Stat. (2004). The PRR sentence for that crime is life in prison. See § 775.082(9)(a)(3)(a), Fla. Stat. (2004). Under the HFO statute, section 775.084(4)(a)(l), Florida Statutes (2004), life and first-degree felonies are punishable by a term of life imprisonment. See id.
*189 Appellant was sentenced to life in prison as a PRR, and 40 years in prison as an HFO. However, because section 775.082(9)(e) only authorizes the court to deviate from the PRR sentencing scheme to impose a greater sentence of incarceration, and a 40-year term under the HFO statute is not greater than a life term under the PRR statute, the trial court was without authority to sentence Appellant as an HFO to a term less than or equal to that required under the PRR statute. See Walls, 765 So.2d at 734; Palmore v. State, 790 So.2d 444 (Fla. 1st DCA 2000) (reversing HFO sentence where defendant sentenced as PRR to life and HFO statute does not authorize sentence longer than life).
Appellant’s sentence is REVERSED and REMANDED with directions to strike that portion of Appellant’s sentence reflecting his adjudication as an HFO. See Walls, 765 So.2d at 734; Lee v. State, 917 So.2d 376 (Fla. 1st DCA 2005); Morris v. State, 910 So.2d 306 (Fla. 1st DCA 2005). Appellant’s convictions and sentences are AFFIRMED in all other respects.
BENTON, HAWKES, and THOMAS, JJ., concur.