HAWKES, C.J.
 

 Appellant seeks review of a final order denying his amended postconviction motion under Florida Rule of Criminal Procedure 3.850, following an evidentiary hearing. On appeal, Appellant contests six of the eight grounds raised in his motion. We find merit in Appellant’s argument that he was improperly sentenced to life imprisonment as both a prison releasee reoffender and a habitual felony offender. We affirm the denial of his other claims without comment.
 

 Following his trial, Appellant was convicted of armed robbery with a deadly weapon and burglary of a dwelling while ai-med. For each conviction, the court sentenced Appellant to a concurrent term of life imprisonment under both the prison releasee reoffender statute and the habitual felony offender statute. In his 3.850 motion, Appellant argued his sentence was illegal because the law does not allow a trial court to impose equal sentences under both statutes.
 
 [1]
 

 Appellant is correct. The prison releas-ee reoffender statute authorizes a court to deviate from its statutory scheme only to impose “a
 
 greater
 
 sentence of incarceration” under the habitual felony offender statute. § 775.082(9)(c), Fla. Stat. (1999) (emphasis added). “[B]ecause a life term under the habitual felony offender statute is not greater than a life term under the prison releasee reoffender statute, the trial court was without authority to [impose this sentence] under the habitual felony offender statute.”
 
 Walls v. State,
 
 765 So.2d 733, 734 (Fla. 1st DCA 2000);
 
 see also Grant v.
 
 
 *191
 

 State,
 
 770 So.2d 655, 659 (Fla.2000) (finding a court is without authority to sentence a defendant to equal, concurrent terms under the prison releasee reoffender statute and the habitual felony offender statute);
 
 Morris v. State,
 
 910 So.2d 306, 307 (Fla. 1st DCA 2005) (holding that “[ijmpos-ing sentences of equal length under both of these two statutes was error”);
 
 Lewis v. State,
 
 819 So.2d 1009, 1010 (Fla. 1st DCA 2002) (finding a defendant’s sentence to life imprisonment as a prison releasee reoffender and a habitual felony offender was not “authorized by law”).
 

 Therefore, Appellant’s sentence must be reversed and remanded to strike his designation as a habitual felony offender.
 
 See Lewis,
 
 819 So.2d at 1010. Because this is a purely ministerial act, Appellant’s presence is not required at resentencing. In all other respects, Appellant’s judgment and sentence are affirmed.
 

 AFFIRMED in part; REVERSED in part and REMANDED with instructions consistent with this opinion.
 

 WOLF and KAHN, JJ„ concur.
 

 [1]
 

 . Although this argument concerned the legality of Appellant’s sentence, it could be raised under either Florida Rule of Criminal Procedure 3.800(a) or 3.850.
 
 See Yates v. State,
 
 556 So.2d 501, 502 (Fla. 1st DCA 1990).