PER CURIAM.
Nakia Simeton appeals the denial of a rule 3.800(a) motion to correct an illegal sentence. Simeton was convicted of robbery with a firearm and sentenced to life in prison as a prison releasee reoffender and life with a fifteen-year mandatory minimum as a habitual violent felony offender (HVFO). In his motion to correct sentence, he argued in part that the trial court could not sentence him as an HVFO because the HVFO life sentence is not greater than the PRR life sentence. Walls v. State, 765 So.2d 733 (Fla. 1st DCA 2000).
*882 On appeal, the state has no objection to affirming the PRR life sentence and striking the HVFO life sentence.
Accordingly, we reverse the denial of Simeton’s rule 3.800(a) motion and remand for the trial court to enter a corrected sentence vacating the HVFO life sentence. See Grant v. State, 770 So.2d 655 (Fla.2000); Roberts v. State, 798 So.2d 133 (Fla. 4th DCA 2001). As the state argues, this is a ministerial correction that does not require Simeton’s presence. Daniels v. State, 31 So.3d 190 (Fla. 1st DCA 2009). Simeton’s remaining claims are moot.

Reversed and Remanded.

DAMOORGIAN, C.J., GROSS and TAYLOR, JJ., concur.