DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICOLE A. JEFFERSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-1104

[April 3, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562018CF000778A.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from her convictions and sentences for one count of attempted manslaughter with a weapon (as a lesser included offense of attempted first degree murder with a weapon), and one count of felony battery with a weapon (as a lesser included offense of aggravated battery with a weapon).

On the defendant's five arguments challenging her convictions, we affirm without further discussion.

On the defendant's two arguments challenging portions of her sentences, the state concedes error, with which we agree.

First, the circuit court erred in sentencing the defendant to equal and concurrent prison terms as a prison releasee reoffender ("PRR") under section 775.082(9), Florida Statutes (2017) (the "PRR statute"), and as a habitual felony offender ("HFO") under 775.084, Florida Statutes (2017) (the "HFO statute"). *See Grant v. State*, 770 So. 2d 655, 659 (Fla. 2000) ("[B]ecause [the PRR statute] only authorizes the court to deviate from the

[the PRR statute's] sentencing scheme to impose a *greater* sentence of incarceration, a trial court is without authority to sentence a defendant to an *equal* sentence under the [HFO statute], even where such sentence is imposed concurrently with the PRR sentence.") (emphasis added; citation, internal quotation marks, and brackets omitted). Therefore, we reverse that portion of the defendant's sentence designating her as an HFO. We remand for the circuit court to strike the HFO designation from the defendant's sentence. Because this is a purely ministerial act, the defendant's presence is not required. *See Daniels v. State*, 31 So. 3d 190, 191 (Fla. 1st DCA 2009) (striking the defendant's HFO designation on remand is a purely ministerial act not requiring the defendant's presence).

Second, the circuit court's written judgment miscited section 784.045(1)(a)2., Florida Statutes (2017), as the corresponding statute for the defendant's felony battery conviction. Section 785.045(1)(a)2. corresponds to the defendant's *charged offense* of aggravated battery with a weapon, a second-degree felony. Section 784.041(1), Florida Statutes (2017), is the corresponding statute for the *lesser included offense* of felony battery, a third-degree felony, for which the defendant was convicted. Therefore, we remand for the circuit court to enter an amended written judgment correcting this error. The defendant's presence is not required for this ministerial act either. *See Devlin v. State*, 224 So. 3d 803, 804 (Fla. 2d DCA 2017) (where the circuit court's written judgment incorrectly reflected the defendant was convicted of the charged offense despite being found guilty on the lesser included offense, correction of the scrivener's error on remand was a ministerial act not requiring the defendant's presence).

The remaining portions of the defendant's sentences are affirmed, without further discussion.

*Convictions affirmed; sentences affirmed in part, reversed in part; remanded with instructions.*

GROSS and CONNER, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

2